IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>LINDA A. ALLEN, in her Individual Capacity and as Trustee of the GOLDEN ASSETS SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP, BERRIEN COUNTY, MICHIGAN<br><br>    *Defendants.* | Case No. 1:25-cv-118 |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action pursuant to 26 U.S.C. §7401 (1) to reduce to judgment unpaid federal tax liabilities owed by Golden Assets Settlement Trust ("the Trust"), of which Linda A. Allen ("Ms. Allen") is Trustee; (2) to obtain judgment for those liabilities against Ms. Allen as the alter ego of the Trust, or obtain a determination that Ms. Allen is the Trust's alter ego and therefore is obligated to pay the Trust's tax liabilities; and (3) to enforce the associated federal tax liens against the real property known as 16 Lyola Avenue titled to the Trust. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, as well as 28 U.S.C. §§ 1331, 1340, and 1345.

1

2. Defendant Linda A. Allen ("Ms. Allen") is joined as a party in her capacity as trustee of the Trust because this is an action to collect the Trust's debts.

3. Ms. Allen is also joined as a party in her individual capacity because this is an action to collect tax debts that she incurred through her alter ego, the Trust, and because she resides in Berrien County, Michigan, within the jurisdiction of this Court.

4. Defendant Berrien County, Michigan, is joined as a party to Count III because it is the local taxing authority and therefore may have a lien or claim an interest in the property described in paragraph 6 of this Complaint; Berrien County is hereby placed on notice of this Court's jurisdiction over the property such that any local tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

5. Defendant St. Joseph Charter Township, Berrien County, Michigan, is joined as a party to Count III because it is the local taxing authority and therefore may have a lien or claim an interest in the property described in paragraph 6 of this Complaint; Berrien County is hereby placed on notice of this Court's jurisdiction over the property such that any local tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

6. The real property upon which the United States seeks to enforce its tax liens ("the Property") is located at 1619 Lyola Court, Benton Harbor, MI 49022 and has a legal description as follows:

> Lot 18, East & Grams Subdivision, according to the recorded plat thereof, as recorded in Liber 11 of Plats, page 59, Berrien County records.  Tax Parcel No. 11-18-1900-0018-00-5.  Subject to easements, reservations, restrictions and limitations of record, if any.

Meaning to describe the property conveyed to Golden Assets Settlement Trust by general warranty deed of Andrew Cleminshaw, listed as a single man, dated December 15, 2014, and

recorded with the Berrien County Register of Deeds as document number 2015108004 on January 9, 2015.

**FALSE REFUND SCHEME**

7. On May 5, 2014, Defendant Linda A. Allen filed a Form 1041 (U.S. Income Tax Return for Estates and Trusts) on behalf of Golden Assets Settlement Trust for the tax period ending on December 31, 2013.

8. The tax return claimed that the Trust had no income but reported withholding of $415,239.00.

9. Contrary to the representations made by Ms. Allen on the Form 1041, no federal taxes were withheld from the Trust, nor were taxes paid to the IRS on behalf of the Trust for that tax year. The return was a fraudulent return.

10. On May 5, 2014, the same day that Ms. Allen filed the Form 1041, the IRS cancelled her refund.

11. On July 9, 2014, Ms. Allen filed a duplicate Form 1041.

12. On November 24, 2014, in response to the duplicate Form 1041, the IRS issued a refund check of $422,606.96 ($415,239.00 plus $7,367.96 in interest) to the Trust.

13. Upon receiving the $422,606.96 refund check, Ms. Allen endorsed the check and deposited it in an account at JPMorgan Chase Bank, N.A. Over the next several days, she made multiple purchases. Her largest purchase was real property ("the Property") located at 1619 Lyola Court, Benton Harbor, MI 49022.

**COUNT ONE**
**(Claim Against Ms. Allen, as Trustee of Golden Assets Settlement Trust, to Reduce Income Tax Liability to Judgment)**

14. On February 3, 2015, a delegate of the Secretary of the Treasury made an assessment for income taxes and accuracy-related penalties against the Trust in the amount of

$422,606.96 for the tax period ending on December 31, 2013. This liability has a balance due as of January 30, 2025, of $531,457.17, including costs and statutory interest, and after applying all abatements, payments, and credits.

15. Despite proper notice and demand, the Trust has failed, neglected, or refused to fully pay the liabilities described above, and after the application of all abatements, payments, and credits, remains liable to the United States in the amount of $531,457.17, plus statutory additions including interest accruing from and after January 30, 2025.

## COUNT TWO
### (Claim against Linda A. Allen, as Alter Ego of Golden Assets Settlement Trust, to Enforce Income Tax Liabilities Against Her)

16. The United States incorporates by reference paragraphs 7 through 15 as if specifically realleged herein.

17. Ms. Allen created the Trust for the purpose of fraudulently obtaining a tax refund. The Form 1041 for the tax period ending on December 31, 2013, was the only Form 1041 that Ms. Allen has ever filed on behalf of the Trust. Ms. Allen does not possess a trust instrument creating the Trust, nor has she registered it. The Trust does not have any income or pay any fiduciary fees, nor does it have any books and records or any operating activities.

18. Ms. Allen has resided at the Property without ever paying rent to the Trust and has otherwise retained all benefits of being the true owner of the Property since the Trust took legal ownership of it.

## COUNT THREE
### (Claim Against All Parties to Enforce Federal Tax Liens Against 16 Lyola Court, Benton Harbor, MI 49022)

19. The Trust has held record title ownership of the Property since December 15, 2014.

20. Because Ms. Allen, as Trustee, and the Trust neglected, refused, or failed to pay the liabilities described in paragraph 14 after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the date of the assessment and attached to the Property.

21. On March 5, 2015, in accordance with 26 U.S.C. § 6323(f), the IRS filed one conventional Notice of Federal Tax Lien against the Trust and five alter ego tax liens against Ms. Allen (using several of her pseudonyms) with the Berrien Register of Deeds:

| Party Name | Recording Number |
|---|---|
| Golden Assets Settlement Trust, Minister Linda A Allen Bey, Trustee | 2015111853 |
| Minister Linda A Allen-Bey, Alter Ego of Golden Assets Settlement Trust, Minister Linda A Allen Bey, Trustee | 2015111858 |
| Linda A Allen-Bey, Alter Ego of Golden Assets Settlement Trust, Minister Linda A Allen Bey, Trustee | 2015111857 |
| Linda A Andrews, Alter Ego of Golden Assets Settlement Trust, Minister Linda A Allen Bey, Trustee | 2015111856 |
| Linda Ann Andrews, Alter Ego of Golden Assets Settlement Trust, Minister Linda A Alley Bey, Trustee | 2015111855 |
| Linda A Allen, Alter Ego of Golden Assets Settlement Trust, Minister Linda A Allen Bey, Trustee | 2015111854 |

22. The United States is entitled to enforce the federal tax liens described in paragraph 20 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to the defendants Berrien County, Michigan, and St. Joseph Charter Township, Berrien County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the

United States to pay the liabilities described above, except to the extent that another party appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest.

  WHEREFORE, the plaintiff United States of America requests the following relief:

  A. Judgment in favor of the United States of America and against the defendant Linda A. Allen, as Trustee of Golden Assets Settlement Trust, for income tax, penalty, and interest for the period ending December 31, 2013 in the amount of $531,457.17, plus statutory additions accruing from and after January 30, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  B. Judgment in favor of the United States of America and against the defendant Linda A. Allen, individually, as the alter ego of Golden Assets Settlement Trust, for income tax, penalty, and interest for the period ending December 31, 2013 in the amount of $531,457.17, plus statutory additions accruing from and after January 30, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); or a determination that Linda A. Allen, individually, is the Trust's alter ego and therefore is obligated to pay the Trust's tax liabilities described above;

  C. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs A through B on the Property;

  D. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with

the proceeds of the sale distributed as follows: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Property; second, to the defendants Berrien County, Michigan, and St. Joseph Charter Township, Berrien County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraphs A through B, except to the extent that another party appears in this civil action and the Court determines that such party has a superior right, title, claim, lien, or interest; and,

      E.      The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Danielle E. Sumner*
Danielle E. Sumner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
202-514-6508(v) / 202-514-5238 (f)
Danielle.Sumner@usdoj.gov

Local Counsel:

RYAN COBB
Assistant United States Attorney