UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
-------------------------------------------------------------------------x

UNITED STATES OF AMERICA,

Case No. 1:25-cv-00118
(PLM)(PJG)

Plaintiff,

Hon. Paul L. Maloney

-against-

LINDA A. ALLEN as Trustee for GOLDEN ASSETS
SETTLEMENT TRUST and Individually; BERRIEN
COUNTY, MI; and ST. JOSEPH CHARTER TOWNSHIP,
BERRIEN COUNTY, MI,

Defendants.

-------------------------------------------------------------------------x

## BERRIEN COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### PRELMINARY STATEMENT

By this action, Plaintiff United States of America (the "United States") claims that Golden

Assets Settlement Trust ("Defendant Trust") and Linda Allen ("Defendant Allen") are indebted to

the United States due to unpaid federal tax liabilities and seeks the judicial sale of a parcel owned

by Defendant Trust, 1619 Lyola Court, Benton Harbor, MI.  (Compl. ¶¶ 14, 20, 22; ECF No. 1,

PageID.3,5-6.)

For its part, Berrien County (the "County") has no cognizable interest in either the civil

dispute concerning the responsibility for the liabilities described in the Complaint, the federal tax

liens, nor the other disputed issues in the case.  Nevertheless, the United States named the County

as a defendant in the Complaint and served a summons and the pleading upon the Berrien County

Treasurer's Office.

The Complaint filed by the United States against the County fails to allege any material facts related to the County, makes no claim of law against the County, and does not explicitly seek any relief against the County.  Instead, it appears to simply seek to add the County to the action as a third-party bystander and force it to participate in a lawsuit with no claims to assert or defend.  Such an approach is not contemplated under federal law or rules, and the County should be dismissed from the action.

## STATEMENT OF RELEVANT FACTS

On January 31, 2025, the United States filed the Complaint against Defendant Allen, Defendant Trust, Berrien County, and the St. Joseph Charter Township seeking (1) to reduce an income tax liability to judgment against Defendant Trust, (2) to enforce those income tax liabilities against Defendant Allen in her individual capacity, and (3) to enforce the requested judgment through the judicial sale of 1619 Lyola Court, Benton Harbor, MI 49022 ("the Property").  (Compl. ¶¶ A-D; ECF No. 1, PageID.6-7.)

The Complaint is devoid of any material allegation relating to the County.  While the Complaint does not specifically set forth the purported claim against the County, it includes as its Count III, a "Claim Against All Parties," which is presumably intended to include the County. (Compl. at 4; ECF No. 1, PageID.4.)  After outlining the federal tax liens recorded by the United States, Count III alleges that the United States is entitled to enforcement of the federal tax liens, including a judicial sale.  The only mention of the County in Count III is a statement that a claim by the County would have priority over the federal tax liens following a judicial sale.  (Compl. ¶ 22; ECF No. 1, PageID.5.)  In its prayer for relief, the pleading seeks no relief as against the County, except to repeat that, if the County had a property tax claim on the Property, that claim would have priority over the federal liens in accordance with 26 U.S.C. § 7403.  (Compl. ¶ D; ECF No. 1, PageID.6.)

The only hint of relief that is being sought from the County lies in paragraph four of the Complaint:

> Defendant Berrien County, Michigan, is joined as a party to Count III because it is the local taxing authority and therefore may have a lien or claim an interest in [the Property].  Berrien County is hereby placed on notice of this Court's jurisdiction over the property such that any local tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

(Compl. ¶ 4, ECF No. 1, PageID.2.)  This statement contains no allegation that the County actually has lien or claim of interest in the Property nor does it allege that any property taxes are even delinquent.  Yet the statement does appear to suggest that the United States may be seeking to enjoin the County from future, hypothetical tax collection enforcement actions.  This is impermissible.

## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint […] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  *Id.* at 555 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

As more fully set forth below, the United States's complaint against Berrien County fails to make even a bare articulation of a claim or basis for relief and should be dismissed under Fed. R. Civ. P. 12(b)(6). Nor can the case be made that the County is a necessary party to this action under Fed. R. Civ. P. 19.  Finally, even to the extent that the pleading could liberally be read to assert a claim to enjoin the County from taking future action with respect to the Property under Michigan's General Property Tax Act, MCL 211.78 *et seq.*, such a claim would violate the federal Tax Injunction Act, 28 U.S.C. § 1341, and it should be dismissed for that reason.

*1.   The Third-Party Complaint Fails to State a Claim Against Berrien County*

As an initial matter, the Complaint as against Berrien County fails to meet even the liberal pleading standard established under Fed. R. Civ. P. 8(a)(2).  The claim asserted by the United States, set forth in Count III of the Complaint, merely alleges that the United States is entitled to enforcement of its federal liens, and notes that the County's claims, if any existed, would be entitled to priority over the federal tax lien.  (Compl. ¶ 22, ECF No. 1, PageID.5.)  Far from "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, this recitation of the statute fails to provide any notice of the nature of the claim against the County nor any authority even plausibly suggesting the basis of a potential claim against the County. Absent this bare minimum, the pleading fails to state a claim against the County, and, left with nothing here to defend or assert, the County should be dismissed from this action.

*2.   Berrien County is not a Necessary Party to this Action*

Although the contention is not explicitly raised in the pleading, there is no argument to be made that Berrien County is a necessary party to this action.  The first step in determining under Fed. R. Civ. P. 19 whether a case should proceed in the absence of a particular party is to decide whether the party "is necessary to the action and should be joined if possible."  *PaineWebber, Inc.*

*v. Cohen*, 376 F.3d 197, 200 (6th Cir.  2001). A party is necessary if "in the person's absence complete relief cannot be accorded among those already parties." *Keweenaw Bay Indian Cmty v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993).

First, there is no argument under which the County would be partly or wholly responsible for the damages alleged in this action, and therefore complete relief can be accorded among the existing parties absent the County's involvement.  Nothing is added through the participation of the the County in this action (other than time and expense incurred by the County).

Rather, complete relief can be accorded among the other parties without the involvement of the County.  Indeed, the County presently has no interest whatsoever in the outcome of the case. A judicial sale and the allocation of the proceeds from that sale will have no effect on the underlying tax status of the Property or the amounts (if any) due to the County in property taxes now or in the future.  If the United States prevails, and a judicial sale of the Property is ordered, then that order must comply with the requirements of 26 U.S.C. § 6323(b)(6) and direct the payment of any priority liens held by the County for the payment of delinquent taxes.  As the United States admits that this is so in its pleading, there is no controversy and nothing for the County to litigate.

### 3. *Enjoining Berrien County from Tax Collection and Enforcement Activities Violates the Tax Injunction Act.*

Finally, to the extent that what the United States may actually be seeking by way of relief from Berrien County is an order barring the County from engaging in tax collection enforcement activities, up to and including a tax foreclosure sale under MCL 211.78m, such relief is not only entirely speculative, it is barred under the federal Tax Injunction Act.  Under the Tax Injunction Act, 28 U.S.C. § 1341, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be

had in the courts of such State."  A party seeking to "interfere with the machinery of [tax] collection" by "seek[ing] to halt foreclosures of tax-delinquent property," seeks relief "in direct contravention to a state action […] integral to its tax collection effort." *Hometown Vill. of Marion Ass'n v. Marion Twp.*, 547 F. Supp. 3d 672, 681 (E.D. Mich. 2021) (quoting *Harrison v. Montgomery Cnty., Ohio*, 997 F.3d 643, 651–652 (6th Cir. 2021)).  This "fall[s] within the relief that federal courts cannot provide" by virtue of the Tax Injunction Act *Id.*  For this reason, to the extent that the United States's claim can be read as seeking to enjoin Berrien County from conducting a foreclosure sale at some point in the future, it should be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth above, the Complaint fails to state a claim against Berrien County upon which relief can be granted, and Berrien County should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:        St. Joseph, Michigan
             March 18, 2025

                                    Respectfully submitted,


                                    /s/ Thaddeus J. Hackworth
                                    Thaddeus J. Hackworth (P84996)
                                    Berrien County Corporate Counsel
                                    701 Main Street
                                    St. Joseph, MI 49085
                                    (269) 983-7111 x8416
                                    thackworth@berriencounty.org
                                    *Attorney for Berrien County*

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 1,707 words.  The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County*