IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>LINDA A. ALLEN, in her Individual Capacity<br>    and as Trustee of the GOLDEN ASSETS<br>    SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP,<br>    BERRIEN COUNTY, MICHIGAN<br><br>    *Defendants.* | Case No. 1:25-cv-118<br><br>District Judge Paul L. Maloney<br><br>Magistrate Judge Phillip J. Green |

**RESPONSIVE FILING TO CLARIFY STATUS
OF GOLDEN ASSETS SETTLEMENT TRUST**

On March 26, 2025, this Court entered an order requiring Plaintiff United States of America to clarify whether Golden Assets Settlement Trust ("the Trust") is a party to this action. ECF No. 20. The United States here clarifies that the Trust is a party to this action. The United States in its Complaint named the Trust as a Defendant through its trustee, Ms. Linda A. Allen ("Ms. Allen"). ECF No. 1 ¶ 2. Ms. Allen is joined as a party in her capacity as trustee of the Trust because this is an action to collect the Trust's debts. However, the United States is not able to sue the Trust directly in its own name. *See, e.g., Coverdell v. Mid-South Farm Equipment Ass'n,* 335 F.2d 9, 13 (6th Cir. 1964) ("As a general rule, it does appear that in suits against a trust, the trustee is the proper party defendant."); *United States v. Szostak,* No. 22-cv-11239, 2022 WL 4099448, at *2 (E.D. Mich. Sep. 7, 2022) ("Since trusts themselves do not generally have the capacity to be sued, the trustee is the real party in interest with the power to defend actions, so service should be completed on the trustee."). As the Court pointed out in its order, the trustee of a trust cannot represent the trust as a pro-se litigant. *See, e.g., Williams Huron*

*Gardens 397 Trust v. Twp. of Waterford*, No. 18-12319, 2019 WL 2051967, at *3-4 (E.D. Mich. Feb. 28, 2019).

Accordingly, the United States in its Complaint named Linda A. Allen as Defendant in two capacities: first, in her individual capacity, because the Trust is merely her alter ego, and second, in her capacity as trustee of the Trust, because the United States seeks to enforce its liens against assets held in the Trust's name. ECF No. 1 ¶ 2-3; *see also ArcelorMittal Plate LLC v. Lapeer Industries, Inc.*, No. 19-13527, 2021 WL 926276, at *4 (E.D. Mich. Mar. 11, 2021) (citing *Church Joint Venture, LP v. Blasingame*, 947 F.3d 925, 935 (6th Cir. 2020) (Sutton, J., concurring)) ("A trust lacks many characteristics of corporate personhood. It normally can't sue or be sued in its own name. Its trustees hold legal title to its assets."). Since it had named Ms. Allen as Defendant in two capacities, in an abundance of caution the United States served Ms. Allen twice: once in her individual capacity, and once in her capacity as trustee of the Trust. ECF Nos. 10, 13.

Respectfully submitted,

/s/ Danielle E. Sumner
DANIELLE E. SUMNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 514-6508 (p) / (202) 514-5238 (f)
Danielle.Sumner@usdoj.gov

## CERTIFICATE OF SERVICE

On April 14, 2025, I caused the foregoing Responsive Filing to be filed electronically with the Clerk of Court through ECF, and I caused a copy of the foregoing document and notice of electronic filing to be mailed to be mailed by first-class mail, postage paid, to the following non-ECF participant:

    Linda A. Allen
    1619 Lyola Court
    Benton Harbor, MI 49022

                                  /s/ *Danielle E. Sumner*
                                  Danielle E. Sumner
                                  Trial Attorney
                                  U.S. Department of Justice