IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       *Plaintiff,*

       v.

LINDA A. ALLEN, in her Individual Capacity
    and as Trustee of the GOLDEN ASSETS
    SETTLEMENT TRUST;
BERRIEN COUNTY, MICHIGAN;
ST. JOSEPH CHARTER TOWNSHIP,
    BERRIEN COUNTY, MICHIGAN

       *Defendants.*

Case No. 1:25-cv-118

District Judge Paul L. Maloney

Magistrate Judge Phillip J. Green

**RULE 26(f) REPORT**

A Rule 16 Scheduling Conference is scheduled for July 10, 2025, at 11:00 AM, before Hon. Phillip J. Green. Appearing for the parties as counsel will be:

    Danielle E. Sumner for the United States of America
    Linda A. Allen, Pro Se, in her Individual Capacity

**Background:**

    In accordance with Fed. R. Civ. P. 26(f)(2), counsel for Plaintiff the United States of America attempted in good faith to conduct a 26(f) hearing with Defendant Linda A. Allen ("the defendant") via phone calls on June 18, 2025; June 23, 2025; and July 1, 2025. However, the defendant – who is pro se – initially asked for additional time to review the documents. Subsequently, on the June 23 phone call, the defendant indicated that she was going to try to obtain a lawyer and did not want to participate in the Rule 26(f) conference pro se. On the July 1 phone call, the defendant stated that she had not yet obtained counsel but that she refused to participate in the Rule 26(f) conference until she acquired legal representation. Consequently, the United States submits this Rule 26(f) report unilaterally in compliance with the Court's June 5, 2025 scheduling order. The proposals herein only reflect the United States' views and proposed schedules.

**1.   Jurisdiction:**
    The basis for the Court's jurisdiction is 26 U.S.C. §§ 7402(a) and 7403, as well as 28 U.S.C. §§ 1331, 1340, and 1345.

**2.   Jury or Non−Jury:**
    Non-jury.

**3.    Judicial Availability:**

The United States cannot report whether all parties consent to having a United States Magistrate Judge conduct any and all further proceedings in the case, because Ms. Allen has refused to participate in the Rule 26(f) conference.

**4.    Statement of the Case:**

This case involves the tax liabilities of Golden Assets Settlement Trust ("the Trust") for tax year 2013. The United States has named the Trust as defendant to this action through its Trustee, Linda A. Allen. The United States has also named Ms. Allen as defendant in her individual capacity as an alter ego of the Trust. The United States alleges that Ms. Allen executed a false refund scheme to obtain $422,606.96, to which she was not entitled, from the federal fisc. Specifically, in 2014, the Trust, through Ms. Allen as Trustee, filed a Form 1041 (U.S. Income Tax Return for Estates and Trusts) for tax year 2013. On the Form 1041, the Trust alleged that it was owed a refund $415,239.00, even though the Trust had never had any tax withholdings or made any payments to the IRS during that calendar year, or at all. Due to administrative error, the IRS processed the Form 1041 and paid the requested $422,606.96 (the amount of the alleged "withholding," plus interest) to the Trust.

Upon receiving the check, Ms. Allen cashed it and used it to purchase, inter alia, real property located at 1619 Lyola Court, Benton Harbor, MI 49022 ("the Property"), as well as two vehicles. When the IRS discovered its error, it made an assessment against the Trust in the amount improperly paid to it. The IRS was able to recover some of the unspent funds, as well as some of the assets that Ms. Allen used the proceeds to purchase.

Including the accumulating penalties and interest, as of March 30, 2025, the liability was $536,833.80. Through this suit, the United States seeks (1) to reduce to judgment the unpaid federal tax liabilities owed by the Trust, of which Ms. Allen is Trustee; (2) to obtain judgment for those liabilities against Ms. Allen as the alter ego of the Trust, or obtain a determination that Ms. Allen is the Trust's alter ego and therefore is obligated to pay the Trust's tax liabilities; and (3) to enforce the associated federal tax liens against the Property, which is titled to the Trust.

**5.    Prospects of Settlement:**

Given the United States' current understanding of the facts of this case, settlement of the substantive issues appears unlikely.  However, the United States is willing to discuss settlement with Ms. Allen on the grounds of collectability. To that end, counsel for the United States has sought to provide Ms. Allen with a Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals) so that it may evaluate Ms. Allen's current collection potential. However, Ms. Allen expressed that she did not want to receive the form until she had a lawyer to represent her.

**6.    Pendent State Claims:**

This case does not include pendent state claims.

**7.    Joinder of Parties and Amendment of Pleadings:**

The United States proposes to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 12, 2025.

**8.  Disclosures and Exchanges:**

(a)  **Initial Disclosures:**

The United States proposes to exchange initial disclosures with Ms. Allen by July 14, 2025.

(b)  **Expert Witness Disclosures:**

The United States expects to be able to furnish the names of its expert witness(es), if needed, by October 31, 2025, although the United States does not anticipate requiring an expert witness.

(c)  **Expert Witness Reports:**

The United States believes that it would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2), should both parties employ expert witnesses. Reports, if required, should be exchanged by January 9, 2025.

(d)  **Informal Discovery:**

The United States would agree to make available the following documents without the need of a formal request for production:

- Updated Payoff Numbers on Assessed Liabilities against the Trust and Ms. Allen as Alter Ego to the Trust for tax year 2013
- Account Transcripts for 2013 for the Trust
- Copies of Certified Transcripts for 2013 for the Trust

**9.  Formal Discovery:**

The United States believes that the presumptive time limits for depositions set by Fed. R. Civ. P. 30(d)(1) are reasonable for this case and should not be modified. The United States does not seek any other modifications or limitations to the discovery limitations established by the Federal Rules of Civil Procedure.

| Discovery Event | Deadline |
|---|---|
| Rule 26(f) Conference Held | N/A |
| Deadline to Exchange Rule 26(a)(1) Initial Disclosures | July 14, 2025 |
| Deadline to join new parties or amend pleadings | December 12, 2025 |
| All fact discovery to be completed | January 9, 2025 |
| Expert discovery (if needed) to be completed | January 30, 2025 |
| Dispositive Motions deadline | February 20, 2025 |
| Proposed Joint Pre-Trial Order deadline | March 6, 2025 |

Discovery Topics:

- All documents and communications relating to the Trust
- All documents and communications relating to the "ex mutual friend" Ms. Allen references in her Answer (ECF 9 at 2)
- All documents and communications relating to the "international indigenous society group" that Ms. Allen references in her Answer (ECF 9 at 2)
- Facts regarding Ms. Allen's relationship to the Trust

**10.    Disclosure or Discovery of Electronically Stored Information**:
The United States does not anticipate extensive ESI discovery in this case. However, the United States has attached the U.S. Department of Justice, Tax Division ESI Production Specifications, which outline its policies for producing and receiving ESI, and would ask Ms. Allen, and any other parties participating in the case, to adhere to those specifications.

**11.    Assertion of Claims of Privilege or Work−Product Immunity After Production:**
If a party inadvertently produces any privileged items, the party will notify the receiving party promptly. The receiving party will sequester, destroy, or return the specified any information in accordance with Fed. R. Civ. P. 26(b)(5)(B).

**12.    Motions:**
The United States acknowledges that W.D. Mich. L. R. 7.1(d) requires the moving party to ascertain whether any motion it files will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, the United States acknowledges that all non-dispositive motions shall be accompanied by a separately filed certificate. The United States acknowledges that dispositive motions are governed by L. R. 7.1.

**13.    Alternative Dispute Resolution:**
The United States acknowledges that, **i**n the interest of conserving judicial resources, the Court may require the parties to participate in some form of Alternative Dispute Resolution. Discovery on the Trust, on Ms. Allen's relationship to the Trust, and on the "indigenous support group" will be needed before the United States can participate in ADR. To effectively gauge collectability issues, the United States also will require financial information from Ms. Allen, including but not limited to the information on the Form 433 discussed above. The United States would prefer ADR to be conducted remotely during regular business hours, and would prefer non-binding mediation after the close of discovery.

**14.    Length of Trial:**
Counsel for the United States estimates that the trial will last approximately 3 days total, allocated as follows: 2 days for plaintiff's case, 1 day for defendant's case, 0 days for other parties.

**15.    Electronic Document Filing System:**
The United States acknowledges Local Civil Rule 5.7(a) and will continue filing its documents on CM/ECF as well as mailing paper copies of all filings to Ms. Allen.

**16.    Other:**
The United States may seek accelerated disposition of this case by motion, depending on early discovery.

Respectfully submitted,

4

/s/ Danielle E. Sumner
DANIELLE E. SUMNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 514-6508 (p) / (202 514-5238 (f)
Danielle.Sumner@usdoj.gov

5

**CERTIFICATE OF SERVICE**

On July 7, 2025, I caused the foregoing Motion for Clerk's Entry of Default to be filed electronically with the Clerk of Court through ECF, and I caused a copy of the foregoing document and notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participant:

> Linda A. Allen
> 1619 Lyola Court
> Benton Harbor, MI 49022

> /s/ *Danielle E. Sumner*
> Danielle E. Sumner
> Trial Attorney
> U.S. Department of Justice