IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>LINDA A. ALLEN, in her Individual Capacity<br>    and as Trustee of the GOLDEN ASSETS<br>    SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP,<br>    BERRIEN COUNTY, MICHIGAN<br><br>    *Defendants.* | Case No. 1:25-cv-118<br><br>District Judge Paul L. Maloney<br><br>Magistrate Judge Phillip J. Green |

**PLAINTIFF UNITED STATES' SUPPORTING BRIEF**

The Court should deny Defendant Linda A. Allen's Motion to Set Aside Clerk's Entry of Default (ECF 27) against her as Trustee of the Golden Assets Settlement Trust. Alternatively, the Court could strike Ms. Allen's motion on the grounds that it is procedurally defective.[1]

The clerk's entry of default against Ms. Allen in her capacity as trustee is proper. Although Ms. Allen, who is not an attorney, has purported to appear on behalf of the Trust, the Trust has made no valid response because it may not appear pro se. Because a trust is an artificial entity, and because artificial entities can only be represented in federal court by licensed attorneys, a non-lawyer trustee cannot represent a trust in federal court. *See Dimercurio v. C.I.R.*, 103 A.F.T.R. 2d 2009-1288 (6th Cir. 2008); *see also In re Iron Workers Local 25 Pension Fund*, 811 F.Supp.2d 1295, 1318 (E.D. Mich. 2011) ("[N]on-lawyer

---

[1] The United States also notes that Defendant's motion was not filed in compliance with L.R. 7.1(a), as Defendant (who is attempting to represent the Trust pro se) did not confer with counsel for the United States prior to filing the motion.

1

trustees may not represent a trust or its assets in their own right."). Judge Maloney acknowledged as much in the Order issued on March 26, 2025 ("If the Trust is a separate Defendant in this action, then Defendant Allen could not represent it."). *See* ECF 20 at 1. Where a nonlawyer trustee moves on behalf of a trust, a court must deny the motion. *See Glover Division Private Trust v. Movement Mortgage, LLC*, No. 1:24-cv-04448-SCJ, 2024 WL 5339441 at *1 (N.D. Ga. Oct. 2, 2024).

Furthermore, even before the present action, Ms. Allen has been previously apprised of the fact that she cannot represent the Trust in an action, as she filed a lawsuit on behalf of the Trust in her capacity as Trustee approximately a decade ago. *See* Complaint, *Golden Assets Settlement Trust v. Bryant, et al.*, No. 1:15-cv-00322-JTN-ESC (W.D. Mich. March 23, 2015), Dkt. No. 1. The Court dismissed that prior case because Ms. Allen was not an attorney and because she had not secured an attorney to file an appearance on the Trust's behalf after due notice. *See* Order of Dismissal, *Golden Assets Settlement Trust v. Bryant, et al.*, No. 1:15-cv-00322-JTN-ESC (W.D. Mich. May 27, 2015), Dkt. No. 11.

The Trust has not appeared in this action. The entry of default against it is proper, and Ms. Allen's motion should be denied or stricken.

Respectfully submitted,

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
202-514-6508 (v) / 202-514-5238 (f)
Danielle.Sumner@usdoj.gov

## CERTIFICATE OF SERVICE

On July 14, 2025, I caused the foregoing Supporting Brief to be filed electronically with the Clerk of Court through ECF, and I caused a copy of the foregoing document and notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participant:

>Linda A. Allen
>1619 Lyola Court
>Benton Harbor, MI 49022

>>/s/ *Danielle E. Sumner*
>>Danielle E. Sumner
>>Trial Attorney
>>U.S. Department of Justice