IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | Case No. 1:25-cv-118 |
| v. | District Judge Paul L. Maloney |
| LINDA A. ALLEN, in her Individual Capacity and as Trustee of the GOLDEN ASSETS SETTLEMENT TRUST; BERRIEN COUNTY, MICHIGAN; ST. JOSEPH CHARTER TOWNSHIP, BERRIEN COUNTY, MICHIGAN | Magistrate Judge Phillip J. Green |
| *Defendants.* | |

**PLAINTIFF UNITED STATES' RESPONSE
TO DEFENDANT'S MOTION TO STRIKE CLERK'S ENTRY
OF DEFAULT**

Plaintiff United States of America opposes Defendant Linda A. Allen's Motion to Strike Clerk's Entry of Default (ECF 27) against her as Trustee of the Golden Assets Settlement Trust ("the Trust") and asks that this Court deny this Motion.

As discussed in the United States' response to Plaintiff's prior motion to set aside the entry of default, ECF 32, Ms. Allen is not an attorney, and therefore she may not represent the Trust in federal court because it is an artificial entity. *See, e.g., Dimercurio v. C.I.R.*, 103 A.F.T.R. 2d 2009-1288 (6th Cir. 2008). Artificial entities, such as trusts and corporations, may only be represented in federal court by licensed attorneys; they cannot appear pro se. *See id.*; *In re Iron Workers Local 25 Pension Fund*, 811 F. Supp. 2d 1295, 1318 (E.D. Mich. 2011) ("[N]on-lawyer trustees may not represent a trust or its assets in their own right."). This Court has said as much in its March 26, 2025 Order. *See* ECF 20 at 1 ("If the Trust is a separate Defendant in this action, then Defendant Allen could not represent it.")

1

As a result, the United States' Motion for Clerk's Entry of Default against the Trust is proper under Fed. R. Civ. P. 55(a). Additionally, the Clerk's Entry of Default against the Trust is proper under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Accordingly, Ms. Allen's Motion to Strike should be denied.

                                        Respectfully submitted,

                                        */s/ Danielle E. Sumner*
                                        DANIELLE E. SUMNER
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55
                                        Washington, D.C.  20044-0055
                                        202-514-6508 (v) / 202-514-5238 (f)
                                        Danielle.Sumner@usdoj.gov

## CERTIFICATE OF SERVICE

      On August 15, 2025, I caused the foregoing Opposition to Defendant's Motion to Set Aside Clerk's Entry of Default to be filed electronically with the Clerk of Court through ECF, and I caused a copy of the foregoing document and notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participant:

    Linda A. Allen
    1619 Lyola Court
    Benton Harbor, MI 49022

                                     /s/ *Danielle E. Sumner*
                                     Danielle E. Sumner
                                     Trial Attorney
                                     U.S. Department of Justice