IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  *Plaintiff,*<br><br>  v.<br><br>LINDA A. ALLEN, in her Individual Capacity<br>  and as Trustee of the GOLDEN ASSETS<br>  SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP,<br>  BERRIEN COUNTY, MICHIGAN<br><br>  *Defendants.* | Case No. 1:25-cv-118<br><br>District Judge Paul L. Maloney<br><br>Magistrate Judge Phillip J. Green |

**UNOPPOSED MOTION TO CONTINUE EARLY SETTLEMENT CONFERENCE
CURRENTLY SET FOR JANUARY 28, 2026**

  Plaintiff the United States of America respectfully moves this Court to continue, for a second time, the Early Settlement Conference currently scheduled for January 28, 2026, at 1:00 pm by video, until a date in the last week of February or the first week of March that suits the Court. The United States so moves for the following two reasons: 1) a continuance would allow it to get information on Defendant's collection potential, which would render the Early Settlement Conference more productive; and 2) a continuance would counsel for the United States to correct her inadvertent mistake in not timely submitting a demand letter to Defendant, and also seeks this continuance to comply with Magistrate Judge Green's Case Management Order regarding settlement conference correspondence between parties.

  In accordance with W.D. Mich. L. Civ. R. 7.1(d)(ii)(A), counsel for the United States conferred with Defendant Linda A. Allen, who is pro se, and Defendant does not oppose this motion.

**BACKGROUND**

1

This case is about federal income tax liabilities assessed for tax year 2013 against Golden Assets Settlement Trust ("the Trust"). The United States seeks to 1) reduce those liabilities to judgment against Linda A. Allen in her capacity as Trustee, or alternatively against her individually as the alter ego of the Trust; and 2) enforce the tax liens for the liabilities at issue against real property held in the name of the Trust. In its Case Management Order filed on July 14, 2025, the Court scheduled an Early Settlement Conference for December 17, 2025. ECF 31. On November 18, 2025, the Court rescheduled the Early Settlement Conference for December 22, 2025. ECF 36. On December 15, 2025, the United States filed an unopposed motion to continue the Early Settlement Conference by approximately four weeks to receive discovery responses that would better inform its position entering into settlement negotiations. ECF 42. On December 17, 2025, the Court granted the United States' motion and rescheduled the Early Settlement Conference for January 28, 2026, at 1:00 pm. ECF 43.

## I. The United States moves for additional time to collect information from the IRS and Defendant regarding Defendant's current ability to pay her alleged tax liability.

Since this Court continued the Early Settlement Conference until January 28, 2026, the United States issued discovery to Defendant and has received interrogatory responses that have better informed its position as to settlement. The general policy of the Tax Litigation Branch (formerly the Tax Division of the Department of Justice, of which the civil trial sections have recently been restructured into the Civil Division of the Department of Justice) regarding settlement is that settlement potential is evaluated based on two criteria; 1) doubt as to liability (including litigation hazards); and 2) doubt as to collectability. Based on the discovery that she has received to date, the undersigned counsel for the United States, as well as her supervisors, do not foresee significant litigation hazards as to the amount of the liability at issue and the United States' ability to enforce its liens against the property in question.

However, Defendant has asserted that she is unable to pay the tax liability that the United States has alleged she owes in its Complaint. The United States' discovery requests have focused on the substantive issues in the case, as a taxpayer's collection potential is irrelevant to the elements the United States must prove in order to reduce to judgment the taxpayer's assessed tax liabilities and enforce federal tax liens against a taxpayer's real property. Generally, counsel for the United States would take discovery on collection potential only after a judgment has been rendered in a tax case.

However, the United States now seeks a second continuance of the Early Settlement Conference to try to voluntarily obtain information from Defendant that would elucidate Defendant's financial situation and ability to pay the 2013 tax liability. The undersigned has discussed this with Defendant and has sent Defendant (by email and U.S. mail) a questionnaire to complete regarding her assets, liabilities, and other information to aid the United States in evaluating the case's collection potential. Specifically, this is IRS Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals). The undersigned has also corresponded with representatives at the IRS to obtain whatever records the IRS possesses related to Defendant's financial situation. The undersigned believes that obtaining this information from Ms. Allen and the IRS would facilitate a more mutually beneficial and productive Early Settlement Conference for all parties, as the United States hopes to have a clearer and substantiated understanding of Defendant's financial situation and her ability to pay, and could participate more substantially in settlement conversations. Otherwise, as it stands, the United States would be challenged to accept a settlement offer where there are minimal litigation hazards. The United States does not wish to avoid the settlement conference – to the contrary, it seeks this continuance in the hope of gathering material that will allow what we hope to be a

fruitful settlement conference.

## II. The United States seeks a continuance to comply with Magistrate Judge Green's Settlement Conference requirements delineated in the Case Management Order.

The undersigned inadvertently did not timely prepare a settlement demand letter to Defendant no later than fourteen days before the settlement conference, per the orders set forth in Sections 7(b) and 7(c) of the Case Management Order. ECF 31 at 3-4. We regret that oversight, but seek time to allow us to correct it. This would also restore Defendant's ability to file a responsive settlement offer letter at least seven days prior to the settlement conference. In addition to the independent reason outlined above, additional time would allow us to correct our mistake and follow the Court's procedures in support of a more meaningful settlement conference.

Accordingly, the undersigned requests that the settlement conference be continued so that the United States may have additional time to make an appropriate, timely, and better-informed settlement demand letter to Defendant.

## CONCLUSION

The United States moves to continue the Early Settlement Conference currently scheduled for January 28, 2026, and asks that the conference be rescheduled at the Court's convenience some time during the week of February 23-27 or March 2-6. This would not interfere with any other deadlines or activities scheduled in this case. This motion is unopposed.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    JOSHUA WU
    Deputy Assistant Attorney General,
    Tax Litigation Branch

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
Telephone:  202-514-6508
Fax:  202-514-5238
Danielle.Sumner@usdoj.gov
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      On January 22, I caused the foregoing Motion to Continue Early Settlement Conference Currently Set for January 28, 2026 to be filed electronically with the Clerk of Court through ECF. Additionally, I served a copy of the foregoing Motion via email to Linda A. Allen at her electronic address [allenlinda182@gmail.com](mailto:allenlinda182@gmail.com). Finally, I caused a copy of the foregoing Motion to be mailed by first-class mail, postage paid, to Ms. Allen at the following address:

      Linda A. Allen
      1619 Lyola Court
      Benton Harbor, MI 49022

      /s/ *Danielle E. Sumner*
      Danielle E. Sumner
      Trial Attorney, Tax Litigation Branch
      Civil Division, Department of Justice