IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     *Plaintiff,* | Case No. 1:25-cv-118 |
|     v. | District Judge Paul L. Maloney |
| LINDA A. ALLEN, in her Individual Capacity and as Trustee of the GOLDEN ASSETS SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP, BERRIEN COUNTY, MICHIGAN | Magistrate Judge Phillip J. Green |
|     *Defendants.* | |

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO EXCUSE PERSON WITH SETTLEMENT
AUTHORITY FROM ATTENDANCE AT SETTLEMENT CONFERENCE**

The United States of America asks the Court to allow the Department of Justice Trial Attorney assigned to this case—with authority to negotiate and recommend a settlement to the appropriate official, but without full settlement authority—to attend the settlement conference alone with her Assistant Director available for consultation. An Early Settlement Conference currently is set for March 4, 2026.

The United States filed this action on January 31, 2025, seeking to reduce to judgment tax liabilities assessed against Golden Assets Settlement Trust ("the Trust"). The United States seeks a judgment for those liabilities against Linda A. Allen, in her official capacity as Trustee, as well as against her individually as the Trust's alter ego. The United States also seeks to enforce its tax liens on real property titled to the Trust and located at 1619 Lyola Court, Benton Harbor, MI 49022. Defendant Linda A. Allen filed an answer on March 3, 2025. ECF 9. The Trust did not answer, and the United States moved for clerk's entry of default against the Trust. ECF 25. An Early Settlement Conference currently is set for January 28, 2026. ECF 43. The

Local Rules for the Western District of Michigan require that a representative possessing full authority to negotiate a settlement attend any settlement conference. *See* W.D. Mich. L. Civ. R. 16.8. Although the Department of Justice Trial Attorney representing the United States in this matter has the authority to negotiate a settlement to recommend to their superiors, the Trial Attorney cannot unilaterally commit the government to a settlement.

## DISCUSSION

The United States asks the Court to relieve it from the requirement to have a representative possessing full settlement authority attend the settlement conference; instead it seeks to allow the Trial Attorney assigned to this matter to attend any settlement or mediation conference alone, with her Assistant Director available for consultation by telephone. At the outset, the United States emphasizes that it fully supports settlement discussions and mediation efforts in this case. But the practicalities of, and legal limits on, litigation handled by the Department of Justice make it extremely difficult to comply fully with such a requirement.

First, although the DOJ trial attorney assigned to the case can engage most effectively in settlement discussions and mediation efforts, the applicable federal statutory and regulatory scheme does not vest trial attorneys with settlement authority. Second, it is not practicable for the officials who do possess full settlement authority to attend all mediation and settlement conferences personally. Finally, attendance of trial attorneys at mediation and settlement conferences who can promptly confer with appropriate officials constitutes an effective and swift procedure to achieve the goals of mediation.

    **I. Federal Law Governing the Department of Justice Does Not Invest Trial Attorneys with Full Settlement Authority.**

In cases arising under the Internal Revenue Code, the Attorney General "or his delegate" may compromise cases after they have been referred to the Department of Justice by the

Secretary of Treasury. 26 U.S.C. § 7122(a). The Attorney General has delegated limited settlement authority to the Assistant Attorneys General in charge of the various litigating divisions. *See* 28 C.F.R. § 0.160. Under certain circumstances, settlement authority may be delegated to an official below the level of the Assistant Attorney General for the particular litigation divisions.

Since the recent transfer of the former Tax Division to the Civil Division, where it has become the Tax Litigation Branch, the Assistant Attorney General for the Civil Division has delegated authority, up to the permissible limits, to the Tax Litigation Branch. Ultimately, the amount of any potential compromise determines which official has settlement authority. Because the amount of tax at issue, exclusive of interest, is less than $500,000, settlement authority under the Assistant Attorney General's delegation rests with a Director or Deputy Director of the Tax Litigation Branch, unless delegated to an Assistant Director, whose authority is capped at a $250,000 concession of tax and penalty. Here, a Director has delegated settlement authority to Assistant Director Laura Conner, up to the described cap. And any settlement in this case also requires the concurrence of the IRS.

The Department of Justice's policy of concentrating settlement authority serves a number of important public-policy goals. First, it fosters uniformity of settlements, an important consideration given the Department's nationwide docket of cases. It also promotes fairness of settlements to both litigants and to the government. By affording a high-level review of the settlement recommendations by trial attorneys, the process ensures a thorough analysis of all settlement proposals, including such considerations as litigation risks, and an opportunity to assess the proposed settlement outside the context of a heated negotiation.

Indeed, the United States Court of Appeals for the Fifth Circuit has held that the policies

underlying the concentration of settlement authority should not be disregarded by federal district courts. *In re Stone*, 986 F.2d 898 (5th Cir. 1993). *Stone* involved twelve consolidated petitions for mandamus, all arising from one district court which had incorporated into its routine pretrial orders a requirement that settlement conferences be held and that each party either personally attend or send a representative with full settlement authority. *Id*. at 900. The government argued that the district court lacked the authority to dictate to the Executive Branch which officials it should send to represent it at settlement conferences. While the Fifth Circuit stated that the district court did possess an inherent power to manage the settlement process, which might, in unusual circumstances, include the power to order participation by specific officials having settlement authority, it went on to hold that the district court had abused its discretion by ordering that the government send someone with full settlement authority for routine cases. *Id*. at 903-05.

The court also observed that the government is in "a special category" as a litigant. *Id*. at 904. Not only does the government appear as a party in far more federal court cases than any other litigant, but the Executive Branch has special constitutional duties that no private litigant shares. *Id*. Accordingly, the government can legitimately structure its litigation procedures to ensure that decision making on policy issues is centralized, that positions taken are consistent, and that policy decisions are made by officials with political accountability. *Id*. The Fifth Circuit chastised the district court for requiring the government to forego these interests in routine cases, in which the operation of normal government settlement procedures would cause only an "insignificant interference with the operation of the courts." *Id*. Instead, the court held that a district court should consider "less drastic steps" before ordering the Executive Branch to override its normal procedures. *Id*. at 905.

More recently, the U.S. Court of Appeals for the Ninth Circuit issued a writ of mandamus directing the district court to vacate an order requiring that a government official with full settlement authority personally attend a routine settlement conference in a tax refund action. *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012). The Ninth Circuit closely followed the Fifth Circuit's reasoning in *Stone*, holding (over the United States' objection) that the district court has authority to compel the federal government's attendance at settlement conferences, but had abused its discretion. *Id*. The Ninth Circuit observed: "[T]he federal government…is not like any other litigant…. The Department of Justice in general and its Tax Division[1] in particular are responsible for a very large number of cases…. For [the official with full settlement authority] to prepare for and appear at all settlement conferences for all of those cases would be highly impractical, if not physically impossible." *Id*. (footnote added). Moreover, the court noted that centralizing settlement authority serves the several salutary purposes the Fifth Circuit highlighted, namely, the promotion of uniform decisions on tax controversies, the effective implementation of policy goals, and the promotion of political accountability. *Id*. at 1060.

II. **It Is Not Practicable for Government Officials with Full Settlement Authority to Personally Attend All Mediation Conferences.**

It would create an undue hardship on the United States to require high-ranking Department of Justice officials to routinely attend court-ordered settlement conferences. The Deputy Assistant Attorney General of the Tax Litigation Branch heads a national litigation unit that consists of approximately 125 civil trial attorneys operating in separate trial sections, with

---

[1] The Tax Division recently became the Tax Litigation Branch of the Civil Division. Like its predecessor, the Tax Litigation Branch remains responsible for all federal-tax-related litigation in the U.S. district and bankruptcy courts.

Deputy Directors overseeing multiple trial sections. Most trial attorneys carry more than 30 cases at a time. It is not reasonable to expect a Deputy Director (or higher-level officials) to attend all mediation conferences as a routine matter. The Deputy Director cannot personally work every case where settlement negotiations are underway. To be responsive to all litigants with pending tax cases, the Tax Litigation Branch relies on the trial attorneys to negotiate offers they could recommend. Using this approach, the Tax Litigation Branch, like the Tax Division before it, has consistently produced fair and reasonable compromises that higher authorities act upon favorably.

Indeed, Congress recognized the impracticality of personal attendance at settlement conferences by Department of Justice officials with full settlement authority in the Judicial Improvements Act of 1990 and in its amendments to Federal Rule of Civil Procedure 16. The Judicial Improvements Act authorizes district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference. 28 U.S.C. § 473(b)(5). However, the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. § 473(c).

The Senate Report in this statute's legislative history recognizes the importance of maintaining the established limits of delegation within the Department of Justice: "[T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to trial counsel but instead reserves that authority to senior officials in the

United States Attorneys' Offices or in the litigating divisions in Washington." S. Rep. No. 416, 101st Cong., 2d Sess. 58, reprinted in 1990 U.S. Code Cong. & Adm. News 6802, 6848. The Senate Report also recognizes the practical consequences of the limited delegation on the Department as a litigant: "[c]learly, the Department cannot realistically send officials with full settlement authority to each settlement conference." *Id*.

Moreover, the committee that wrote the revisions to Federal Rule of Civil Procedure 16 that took effect on December 1, 1993, reaffirmed that federal trial courts must account for the government's special status when promulgating orders concerning pre-trial conferences. Indeed, Rule 16 now contains the following language at the end of subdivision (c): "If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." The drafting committee notes on the 1993 revision read:

> The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances. Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Fed. R. Civ. P. 16, drafting committee note for 1993 Amendments. This makes clear that the committee and the Supreme Court are fully aware of the federal government's unique role in litigation and the practical problems that would ensue if the government were subject to the same settlement-authority requirements as a private party.

### III. Attendance of Trial Attorneys at Settlement and Mediation Conferences and Subsequent Recommendations to Appropriate Officials Constitute an Effective and Swift Procedure to Achieve the Goals of Settlement and Mediation.

As stated earlier, the United States supports appropriate settlement discussions and mediation conferences, and it is the Attorney General's policy to encourage alternative dispute

resolution where appropriate. Moreover, the United States fully understands the related goal of encouraging parties to move from their original positions by having present representatives with full settlement authority. It is, however, unlikely that these goals will be served by requiring the participation at a settlement conference of an official with full settlement authority under the present circumstances. On the contrary, the goal of meaningful settlement discussions can best be achieved by the trial attorney who is most familiar with the case and is in the best position to negotiate on the government's behalf. Trial attorneys routinely discuss settlement options with opposing counsel, field written settlement offers distilled from these talks, and submit written recommendations to their supervisors. They also communicate these recommendations to IRS personnel, when necessary, as would be necessary in this case. Given the trial attorneys' familiarity with the case, their recommendations with respect to a settlement are generally given great weight, even though they lack the ultimate authority to formally accept a settlement offer. Although the United States believes the trial attorney assigned to this matter can handle the mediation alone, the United States can ensure that the trial attorney's Assistant Director is available during the mediation to consult via telephone, if the need arises.

## CONCLUSION

For the foregoing reasons, the United States asks the Court to allow the Department of Justice trial attorney assigned to this case to attend the settlement conference without an official possessing full authority to accept a settlement agreement, with the trial attorney's Assistant Director available for consultation by phone. The predecessor of the Tax Litigation Branch routinely sought this relief in its cases before this Court, and such relief was almost always granted.

Date: February 18, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
Telephone: 202-514-6508
Fax: 202-514-5238
Danielle.Sumner@usdoj.gov
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      On February 18, 2026, I caused the foregoing Supporting Memorandum of Law to be filed electronically with the Clerk of Court through ECF. Additionally, I served a copy of the foregoing document via email to Linda A. Allen at her electronic address allenlinda182@gmail.com. Finally, I caused a copy of the foregoing Motion to be mailed by first-class mail, postage paid, to Ms. Allen at the following address:

      Linda A. Allen
      1619 Lyola Court
      Benton Harbor, MI 49022

                                  */s/ Danielle E. Sumner*
                                  DANIELLE E. SUMNER
                                  Trial Attorney, Tax Litigation Branch
                                  Civil Division, U.S. Department of Justice