IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>LINDA A. ALLEN, in her Individual Capacity and as Trustee of the GOLDEN ASSETS SETTLEMENT TRUST;<br>BERRIEN COUNTY, MICHIGAN;<br>ST. JOSEPH CHARTER TOWNSHIP, BERRIEN COUNTY, MICHIGAN<br><br>    *Defendants.* | Case No. 1:25-cv-118<br><br>District Judge Paul L. Maloney<br><br>Magistrate Judge Phillip J. Green |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR DEFAULT JUDGMENT</u>**

    The United States submits this Memorandum of Law in support of its Motion for Default Judgement against Defendant Linda A. Allen in her capacity as Trustee of Golden Assets Settlement Trust ("the Trust"). For the reasons below, the United States moves that this Court grant its motion and do the following:

    I.    Enter a money judgment in favor of the United States and against the Trust in the amount of $569,802.38 as of March 9, 2026, plus interest and penalties accruing from and after that date. This amount represents the Trust's unpaid income tax liabilities for the period ending December 31, 2013.

    II.    Determine that the United States may enforce the associated federal tax liens against the real property located at 1619 Lyola Court, Benton Harbor, MI 49022 ("the Property"), with the subject property to be sold at a judicial sale and the proceeds thereof distributed pursuant to a further order of the Court.

    III.    Determine that the Property may be sold free and clear of any right, title, claim,

1

lien, or interest that the Trust has in it, and that the Trust has no right of title, claim, lien, or interest in the proceeds of said sale.

The United States is entitled to default judgment because the Trust did not timely appear in this action to defend or plead a right, title, claim, lien, or other interest in the subject property, and the facts stated in the complaint, which are deemed admitted, establish that the United States is entitled to the requested relief. In support of this motion, the United States represents as follows:

1. On July 9, 2014, a Form 1041 for tax year 2013 was filed on behalf of Golden Assets Settlement Trust, which incorrectly reported withholdings from the Trust's income. *See* ECF 1 ¶¶ 7-13.

2. On November 24, 2014, the IRS issued an erroneous payment of $422,606.96 to the Trust based off the incorrect representations on the Trust's 2013 Form 1041. *Id.* at ¶ 12.

3. On December 15, 2014, the Property was conveyed by general warranty deed from Andrew Cleminshaw to Golden Assets Settlement Trust. Exhibit 4. The deed was recorded with the Berrien County Register of Deeds as document number 2015108004 on January 19, 205, with a legal description as follows:

> Lot 18, East & Grams Subdivision, according to the recorded plat thereof, as recorded in Liber 11 of Plats, page 59, Berrien County records. Tax Parcel No. 11-18-1900-0018-00- 5. Subject to easements, reservations, restrictions and limitations of record, if any.

*Id.* ¶ 6.

4. On February 3, 2015, a delegate of the Secretary of the Treasury made an assessment for income taxes and accuracy-related penalties against the Trust in the amount of $422,606.96 for the tax period ending on December 31, 2013. *Id.* ¶ 14. This liability has a balance due as of March 9, 2026 in the amount of $569,802.38 including costs and statutory interest, and after applying all abatements, payments, and credits. *See* Declaration of IRS

Revenue Officer David Kubik (Ex. 2) ¶ 8.

5. Despite proper notice and demand, the Trust has failed, neglected, or refused to fully pay the liabilities described above, and after application of all abatements, payments, and credits, remains liable to the United States in the amount of $569,802.38, plus statutory additions including interest accruing from and after March 9, 2026. *See id.*, *see also* ECF 1 ¶ 15.

6. The United States brought this suit on January 31, 2025, seeking to (1) reduce to judgment federal tax assessments made against the Trust for tax year 2013, of which Linda A. Allen is Trustee; (2) obtain judgment for those same liabilities against Ms. Allen as the alter ego of the trust, or obtain a determination that Ms. Allen is the Trust's alter ego and is therefore obligated to pay the Trust's tax liability for tax year 2013; and (3) enforce the associated federal tax liens against the Property, which is titled to the Trust. *See generally* ECF 1.

7. The United States named the Trust, through its Trustee Ms. Allen, as a defendant to Counts One and Three of its Complaint pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), as well as 26 U.S.C. §§ 6321, 6322, 6323, and 7403. *Id.* at ¶ 14-15, 19-22.

8. The United States had the Trust served by having Linda A. Allen served in her capacity as Trustee of the Trust on March 8, 2025. ECF 13. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Trust should have answered or otherwise responded by March 31, 2025.

9. The Trust has not answered or otherwise responded to the complaint. A review of the Court's docket shows that no party duly authorized to represent the Trust has filed a

response on its behalf; nor has counsel for the United States otherwise received communication from an authorized representative of the Trust.[1] *See* Declaration of Danielle E. Sumner, ECF 25 ¶ 4.

10. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against the Trust on June 6, 2025. ECF 26.

11. Under Fed. R. Civ. P. 55, a plaintiff may seek entry of default judgment from the Court after the Clerk of Court enters default against a party that has failed to otherwise plead or defend. Fed. R. Civ. P. 55(a) and (b)(2).

12. Upon application by a party entitled to judgment, a court is authorized to enter a judgment by default. Fed. R. Civ. P. 55(b)(2).

13. The Trust is not a minor, incompetent person, or active-duty service member within the purview of the Servicemembers Civil Relief Act, 50 U.S.C.A. § 3901, *et seq. See* Declaration of Danielle E. Sumner, ECF 25 ¶ 5.

14. In view of the default, the allegations of the complaint are deemed admitted by Golden Assets Settlement Trust, and the Court must treat them as true (without affecting the defenses of any party that has answered the complaint). *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013).

15. Through default, the Trust has admitted its liability for the unpaid taxes. The Internal Revenue Service made valid assessments against the Trust for its tax liabilities for tax year 2013. *See* Complaint, ECF 1 ¶ 14; Ex. 1; Ex. 2. The Form 4340 is entitled to a presumption of correctness. *See United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990). As

---

[1] Ms. Allen filed a Motion to Set Aside Clerk's Entry of Default against the Trust on June 30, 2025. ECF 27. Ms. Allen subsequently filed a Motion to Strike Clerk's Entry of Default Against the Trust on August 4, 2025. ECF 33. This Court denied both motions on August 21, 2025, and noted that Ms. Allen may not represent the Trust because she is not an attorney. ECF 35 at 1.

a result, the United States is entitled to judgment against the Trust for its 2013 tax liability.

16. The United States also is entitled to judgement allowing it to enforce its tax liens against the property at issue. The Trust owns the Property at issue. *See* ECF 1 ¶ 6. Because the Trust neglected, refused, or failed to pay the liabilities described above after notice and demand, federal tax liens arose as a matter of law on the date of the assessment and attached to all property and interests in property of the Trust, including the Property at issue. *See* 26 U.S.C. §§ 6321, 6322.

17. The United States is entitled to enforce the federal tax liens described above and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the Trust, for application toward the Trust's federal tax liability. ECF 1 ¶ 22; *see also* 26 U.S.C. § 7403; *United States v. Barczyk*, 434 F. App'x 488, 490 (6th Cir. 2011).

WHEREFORE, the United States moves that this Court grant its motion for default judgment against Linda A. Allen in her capacity as Trustee of Golden Assets Settlement Trust and enter a money judgment in favor of the United States and against the Trust in the amount of $59,802.38 as of March 9, 2026, plus interest and penalties accruing from and after that date, for the Trust's unpaid income tax liabilities for the period ending December 31, 2013. The United States further moves this Court for default judgment that the United States may enforce the associated federal tax liens against the real property located at 1619 Lyola Court, Benton Harbor, MI 49022, with the subject property to be sold at a judicial sale and the proceeds thereof distributed pursuant to a further order of the Court. Furthermore, the United States askes this Court for default judgment that the Property may be sold free and clear of any right, title, claim, lien, or interest that Linda A. Allen in her capacity as Trustee of the Trust,

and that Linda A. Allen in her capacity as Trustee of the Trust has no right of title, claim, lien, or interest in the proceeds of said sale.

WHEREFORE, Plaintiff United States of America requests that this motion be granted and that the Court award it such other and further relief that it deems just and proper.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044-0055
202-514-6508 (v) / 202-514-5238 (f)
Danielle.Sumner@usdoj.gov

## CERTIFICATE OF COMPLIANCE

     I hereby certify that this dispositive motion complies with Local Civil Rule 7.2(b)(i) and does not exceed 10,800 words, including headings, footnotes, citations, and quotations.

                                                  <u>/s/ *Danielle E. Sumner*</u>
                                                  Danielle E. Sumner
                                                  Trial Attorney, Civil Ligation Branch
                                                  Civil Division, U.S. Department of Justice

**CERTIFICATE OF SERVICE**

  On March 12, 2026, I caused the foregoing Supporting Brief to be filed electronically with the Clerk of Court through ECF. Additionally, I served a copy of the foregoing Supporting Brief via email to Linda A. Allen at her electronic address allenlinda182@gmail.com. Finally, I caused a copy of the foregoing Supporting Brief to be mailed by first-class mail, postage paid, to Ms. Allen at the following address:

  Linda A. Allen
  1619 Lyola Court
  Benton Harbor, MI 49022

        /s/ *Danielle E. Sumner*
        Danielle E. Sumner
        Trial Attorney, Civil Litigation Branch
        Civil Division, U.S. Department of Justice