IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Case No. 1:25-cv-118 |
| v. | District Judge Paul L. Maloney |
| LINDA A. ALLEN, in her Individual Capacity and as Trustee of the GOLDEN ASSETS SETTLEMENT TRUST; BERRIEN COUNTY, MICHIGAN; ST. JOSEPH CHARTER TOWNSHIP, BERRIEN COUNTY, MICHIGAN | Magistrate Judge Phillip J. Green |
| *Defendants*. | |

**MEMORANDUM IN SUPPORT OF UNITED STATE'S MOTION
FOR SUMMARY JUDGMENT AGAINST LINDA A. ALLEN
IN HER INDIVIDUAL CAPACITY**

i

**TABLE OF CONTENTS**

MEMORANDUM IN SUPPORT OF UNITED STATE'S MOTION  FOR SUMMARY

JUDGMENT AGAINST LINDA A. ALLEN IN HER INDIVIDUAL CAPACITY...........i

TABLE OF CONTENTS....................................................................................................ii

INDEX OF EXHIBITS.....................................................................................................iv

TABLE OF AUTHORITIES.............................................................................................. v

CONCISE STATEMENT OF ISSUES PRESENTED .................................................... vii

CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT.................................... vii

PROCEDURAL BACKGROUND.................................................................................... 1

STATEMENT OF MATERIAL FACTS .......................................................................... 3

I.  Ms. Allen's Involvement with Indigenous Society Group.................................... 3

II. Fraudulent Trust Tax Return Scheme.................................................................. 3

III. IRS Involvement and Linda A. Allen's Subsequent Actions ............................. 5

IV. Golden Assets Settlement Trust ........................................................................ 7

ARGUMENT.................................................................................................................. 8

I.  Standard of Review............................................................................................. 8

II. No Dispute Exists that Linda A. Allen is the Alter Ego of Golden Assets Settlement Trust

Under the Federal Common Law Approach to the Alter-Ego Analysis............................. 9

a.        The absence of normal corporate formalities........................................ 10

b.        Commingling of personal and corporate funds....................................... 11

c.     Siphoning of corporate funds by a dominant stockholder ................................... 11

d.     The fact that the corporation is merely a facade for the personal operations of the dominant stockholder............................................................................................. 12

III. Alternatively, No Dispute Exists that Linda A. Allen is the Alter Ego of Golden Assets Settlement Trust Under the State-Law Approach to the Alter-Ego Analysis.................... 12

a.     "Mere Instrumentality" Test.................................................................................. 12

b.     Corporate Entity Was Used to Commit a Fraud or Wrongdoing ........................... 13

c.     Fraud or Wrongdoing Caused Unjust Loss or Injury to Plaintiff........................... 15

IV. No Dispute Exists that Linda A. Allen, as Alter Ego of Golden Assets Settlement Trust, is liable for the tax debts of the Trust ................................................................................... 16

CONCLUSION.............................................................................................................. 16

CERTIFICATE OF COMPLIANCE............................................................................. 17

CERTIFICATE OF SERVICE ...................................................................................... 18

**INDEX OF EXHIBITS**

1. Deposition of Linda A. Allen

2. Defendant Linda A. Allen's Responses to Plaintiff United States' First Set of Interrogatories (1-9)

3. Golden Assets Settlement Trust Instrument

4. Golden Assets Settlement Trust Form 1041 Tax Return for 2013

5. Form 4340 Certificate of Assessments, Payments, and Other Specified Matters

6. Warranty Deed for 1619 Lyola Court, Benton, MI 49022

7. Chapter 13 Bankruptcy Petition filed by Linda A. Allen

8. Complaint filed by Linda A. Allen against IRS Revenue Officer Michael Bryant

9. CAP Appeal of Levy Action Decision Letter

10. Summons Enforcement Petition

11. Letter from Defendant to Judge Neff dated February 9, 2016

12. Plaintiff United States' First Set of Requests for Production to Defendant Linda A. Allen (1-7)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..............................................................................................................8

*Arkansas v. Farm Credit Servs. of Cent. Ark.*,
  520 U.S. 821 (1997)............................................................................................................15

*Beer v. Comm'r*,
  733 F.2d 435 (6th Cir. 1984) .............................................................................................14

*Bodenhamer Building Corp., v. Architectural Research Corp.*,
  873 F.2d 109 (6th Cir.1989) ..............................................................................................12

*Bull v. United States*,
  295 U.S. 247 (1935)............................................................................................................15

*Drye v. United States*,
  528 U.S. 49 (1999)................................................................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)..............................................................................................................8

*Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*,
  442 F.3d 953 (6th Cir.2006) ................................................................................................8

*Raleigh v. Ill. Dept. of Revenue*,
  530 U.S. 15 (2000)..............................................................................................................15

*Richardson v. Comm'r*,
  509 F.3d 736 (6th Cir. 2007) .............................................................................................15

*Scott v. Harris*,
  550 U.S. 372 (2007)..............................................................................................................8

*Street v. J.C. Bradford & Co.*,
  886 F.2d 1472 (6th Cir.1989) ..............................................................................................8

*United States v. Powell*,
  2001 WL 283808 (D. Ariz. 2001).......................................................................................10

*United States v. Scherping*,
  187 F.3d 796 (8th Cir. 1999) .............................................................................................10

*United States v. Walton,*
909 F.2d 915 (6th Cir. 1990) ................................................................... vii, 9, 10, 16

*United States v. Wurts,*
303 U.S. 414 (1938) ................................................................................................14

*White v. Baxter Healthcare Corp.,*
533 F.3d 381 (6th Cir. 2008) ...................................................................................8

*Wilcox v. United States,*
983 F.2d 1071 (6th Cir. 1992) ................................................................................10

*Wild v. United States,*
No. 2:13-CV-14587, 2015 WL 7769476 (E.D. Mich. Oct. 26, 2015) ......................9

*William L. Comer Fam. Equity Tr. v. United States,*
732 F. Supp. 755 (E.D. Mich. 1990) ......................................................................10

**Statutes**

26 U.S.C. § 6211-6216 ............................................................................................14

26 U.S.C. § 6323(b)(6) ..............................................................................................1

26 U.S.C. § 6511(a) ...........................................................................................13, 14

26 U.S.C. §§ 6601, 6621, 6622, and 1961(c) ..........................................................7

26 U.S.C. § 7403(b) ...................................................................................................1

26 U.S.C. § 7405 .....................................................................................................14

**Other Authorities**

Fed. R. Civ. P. 56 .................................................................................................. vii

Fed. R. Civ. P. 56(c) ..................................................................................................8

**CONCISE STATEMENT OF ISSUES PRESENTED**

Whether defendant Linda A. Allen is the alter ego of Golden Assets Settlement Trust ("the Trust"), and therefore individually liable for the income tax and interest assessed against the Trust for the tax year ending on December 31, 2013, where: (1) Defendant participated in the creation of Golden Assets Settlement Trust as the beneficiary, trustor, and trustee; (2) the Trust never received payments (other than the federal tax refund for tax year 2013) or made any tax withholdings; (3) Defendant used the tax refund issued to the Trust to purchase a house and two cars for her own use and benefit; (4) Defendant did not otherwise operate the Trust for any purpose other than to file a fraudulent tax return and receive a refund from the federal government, and (5) Ms. Allen has lived in the real property purchased using the Trust's tax refund ever since she purchased it in the name of the Trust?

**CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT**

Fed. R. Civ. P. 56.

*United States v. Walton*, 909 F.2d 915 (6th Cir. 1990).

**PROCEDURAL BACKGROUND**

On January 31, 2025, the United States brought suit against Linda A. Allen in her capacity as Trustee of Golden Assets Settlement Trust ("the Trust"), as well as against Linda A. Allen in her individual capacity, seeking (1) to reduce to judgment a tax liability for the tax year ending on January 31, 2013 against the Trust, named through Linda A. Allen as Trustee; (2) reduce to judgment the same tax liability against Linda A. Allen individually as alter ego of the Trust, and (3) to enforce its tax liens against real property held in the name of the Trust. ECF 1. The United States also named in its Complaint as defendants Berrien County and St. Joseph Charter Township, in Berrien County, Michigan, as parties who might claim an interest in the property upon which the United States seeks to enforce its tax liens. See 26 U.S.C. § 7403(b). On March 26, 2025, the United States and Berrien County entered into a stipulation excusing Berrien County from further participation in the case and agreeing that any real property taxes owed to Berrien County would be entitled to priority over the United States' tax liens pursuant to 26 U.S.C. § 6323(b)(6). ECF 18. The United States is in communications with counsel for St. Joseph Charter Township to try to enter a similar stipulation between the United States and St. Joseph Charter Township.

Subsequently, on March 12, 2026, the United States moved for default judgment against Linda A. Allen in her capacity as Trustee for Golden Assets Settlement Trust on Counts I and III of its Complaint, in order to reduce to judgment the tax liability for the period ending on December 31, 2013 ("tax year 2013") against Golden Assets Settlement Trust ("the Trust"), to determine that valid federal tax liens attached to real property at 1619 Lyola Court, Benton Harbor, MI 49022, and to enforce its tax liens. ECF 52. The United States submitted documentation in support of the tax assessments made against the Trust for tax year 2013,

1

including Form 4340s ("Official Certificate of Assessments and Payments") for the tax liability

for the 2013 tax year, a Declaration from Revenue Officer David Kubik, and a payoff calculation

dated March 6, 2026. ECF 52-2; 52-3; 52-4. The Court granted the United States' motion for

default judgment on April 30, 2026.

## STATEMENT OF MATERIAL FACTS

### I.  Ms. Allen's Involvement with Indigenous Society Group

1.  Defendant Linda A. Allen ("Defendant") also uses the surname Allen-Bey. Deposition of Linda A. Allen (Ex. 1) (hereinafter "Depo") at 23:12 – 23:14.

2.  Defendant became involved with a group formally known as the International Indigenous Society Group ("the Group") in 2010 after learning about it from social media. Depo at 34:18 – 34:22, 35:12 – 36:02.

3.  Members of the Group consider themselves to be Moors, while Courts have considered the Group to be sovereign citizens. Depo at 43:04 – 43:23; 56:10 – 56:19.

4.  One of the teachings of the Group taught its members that people of African-American descent were not supposed to pay taxes on the money they worked for. Depo at 66:12 – 66:23.

5.  The Group also taught its members that there were two special fund accounts for each member set aside by the government when they were born, one based off their birth certificate and the other based off their Social Security card. Depo at 78:08 – 79:14.

6.  The Group further taught its members that they could access the money in these special fund accounts by filing a Form 1041 on behalf of a trust, and that trusts were entitled to receive tax refunds. Depo at 78:20 – 79:24.

### II.  Fraudulent Trust Tax Return Scheme

7.  Defendant testified that she attended one in-person Group meeting held in Chicago, Illinois, sometime between 2010 and 2014. Depo at 40:25 – 41:09. At the Group meeting in Chicago, Defendant stated that she met a member of the Group who went by the name Sister Queen Ali. Depo at 58:02 – 58:14; Defendant Linda A. Allen's Responses to

3

Plaintiff United States' First Set of Interrogatories (1-9) (Ex. 2) (hereinafter "Interrogatory Responses") at 2.

8.      Defendant stated that Sister Queen Ali had her own tax business and told Defendant that Defendant should file a Form 1041 (U.S. Income Tax Return for Estates and Trusts) instead of a Form 1040 (U.S. Individual Income Tax Return). Depo at 59:01 – 59:16.

9.      Defendant selected the name of the trust and called it Golden Assets Settlement Trust. Depo at 63:20 – 63:23. Defendant created the Trust, with assistance from the members of the Group. Depo at 72:02 – 72:11; 73:10 – 73:13.

10.     Defendant is the trustee, the trustor, and the beneficiary of Golden Assets Settlement Trust. Golden Assets Settlement Trust Instrument (Ex. 3); Depo at 82:12 – 82:20.

11.     Defendant signed the instrument creating the Trust before a notary on January 1, 2013. Golden Assets Settlement Trust Instrument (Ex. 3). Defendant then recorded the completed Trust Instrument with Berrien County Register of Deeds on November 26, 2013. Depo at 72:07 – 72:19; Golden Assets Settlement Trust Instrument (Ex. 3).

12.     Defendant requested an "EIN" for the Trust from the IRS via a phone call. Depo at 62:07 – 62:25. The IRS sent her an EIN for the Trust in the mail. *Id.* at 63:09 – 63:19.

13.     Defendant testified that she then provided the name of the Trust and the EIN to other members of the Group, whom Defendant claims filed the Form 1041 on her behalf. Depo at 62:07 – 62:25; 66:04 – 66:23; 70:05 – 71:01. The Form 1041 lists Defendant as the fiduciary. Golden Assets Settlement Trust Form 1041 Tax Return for 2013 (Ex. 4) (hereinafter "Form 1041"). It was submitted electronically to the IRS on April 15, 2014. Form 4340 Certificate of Assessments, Payments, and Other Specified Matters (Ex. 5) (hereinafter "Form 4340") at 2.

Defendant knew that another member of the Group would file the Form 1041 for Golden Assets Settlement Trust on her behalf. Depo at 70:24 – 71:01.

14.     The arrangement was for another Group member to file a Form 1041 for Defendant under the name of the Trust and the Trust EIN that Defendant had provided, and in exchange Defendant would pay the Group $50,000 once Defendant received and cleared the refund check. Depo at 59:19-61:25; 66:04 – 66:11.

15.     The Trust reported no income or deductions on its 2013 federal tax return. Form 1041 (Ex. 4) at 1-2. Nor did the Trust ever make any withholdings towards its tax liabilities for tax year 2013. Form 4340 (Ex. 5) at 2.

16.     Although the Trust never made any tax withholdings towards tax year 2013, the Trust requested a "refund" for that tax year of $415,239.00. *Id.*

## III.    IRS Involvement and Linda A. Allen's Subsequent Actions

16.     On November 24, 2014, the IRS issued a check for $415,329.00 plus $7,367.96 in interest, for a total amount of $422,606.96, to Defendant in her capacity as Trustee of Golden Assets Settlement Trust. *See* Form 4340 (Ex. 5) at 2; Answer (ECF 9) at 2.

17.     Defendant used the proceeds from the check to purchase the real property at 1619 Lyola Court, Benton Harbor, MI 49022 ("the Property"). Depo at 88:01 – 88:06. The sale was made on December 15, 2014 and recorded with the Berrien County Register of Deeds on January 9, 2015. Warranty Deed for 1619 Lyola Court, Benton, MI 49022 (Ex. 6). Additionally, Defendant did not deny in her Answer or in her Interrogatory Responses that she also used the funds to purchase two vehicles. ECF 9; Interrogatory Responses (Ex. 2). Furthermore, she stated in both her answer and in her Response to Interrogatories that "[s]ome purchases were made including a home and two vehicles. . .". ECF 9 at 2; Interrogatory Responses (Ex. 2) at 2.

5

18.     Defendant has resided at the Property ever since she purchased it in 2014. Depo at 16:24 – 17:04; 87:06 – 87:22.

19.     The IRS froze the account into which the refund had been deposited before Defendant paid the Group the $50,000. Depo at 60:13 – 60:25; 92:07 – 92:23. The IRS made a quick assessment of $244,606.96 against the Trust on February 13, 2015. Form 4340 (Ex. 5) at 2. On March 30, 2015, the IRS recovered $180,168.09 from the account into which the refund had been deposited. *Id.* at 4.

20.     Defendant resisted collection activities by the IRS by filing a lawsuit against the Revenue Officer overseeing her case, by filing for Chapter 13 bankruptcy in June 2016, and by appealing IRS actions administratively. Depo at 95:23 – 96:12; 97:12 – 98:02; 99:05 – 99:20; Chapter 13 Bankruptcy Petition filed by Linda A. Allen (Ex. 7); Complaint filed by Linda A. Allen against IRS Revenue Officer Michael Bryant (Ex. 8); CAP Appeal of Levy Action Decision Letter (Ex. 9). The IRS filed a summons enforcement petition in 2015 against Defendant because she refused to produce documents; this ultimately resulted in her being jailed for contempt of court. Summons Enforcement Petition (Ex. 10); Letter from Defendant to Judge Neff dated February 9, 2016 (Ex. 11).

21.     The United States issued "Plaintiff United States' First Set of Requests for Production to Defendant Linda A. Allen (1-7) on December 5, 2025. Plaintiff United States' First Set of Requests for Production to Defendant Linda A. Allen (1-7) (Ex. 12).

22.     Defendant stated that she did not produce any documents to the United States because she kept them in a box in her basement until they got wet when the basement flooded a several years ago, so she threw them out. Depo at 27:18 – 28:10.

23.     Defendant also admitted that her basement had flooded prior to the time the responsive documents were destroyed. Depo at 30:22 – 31:03.

## IV.    Golden Assets Settlement Trust

24.     Aside from the "refund" that was issued to the Trust for tax year 2013, Golden Assets Settlement Trust never received any other income. Depo at 82:21 – 82:24.

25.     Neither Defendant, nor anyone else, ever paid tax withholdings on behalf of the Trust. Depo at 82:25 – 83:05.

26.     The Trust is not active. 84:06 – 84:07

27.     Neither Defendant, nor anybody else, has ever filed a tax return on behalf of the Trust since 2013. Depo at 84:08 – 84:13.

28.     The only assets placed in the name of the Trust were the Property and two vehicles. Depo at 84:14 – 84:23.

29.     As of March 9, 2026, the balance owed on the liability assessed against Golden Assets Settlement Trust for income tax, penalty, and interest for the period ending December 31, 2013, is $569,802.38, plus such additional amounts as may continue to accrue as provided by law from and after March 9, 2026, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 1961(c). *See* ECF 52-3 (Declaration of IRS Revenue Officer David Kubik); ECF 52-4 (INTST Payoff Calculator); ECF 54 (Default Judgment against Linda A. Allen in her capacity as Trustee of Golden Assets Settlement Trust).[1]

---

[1] The United States clarifies that it is seeking to reduce to judgment this same liability against Linda A. Allen in her personal capacity. The liability would be joint and several between Linda A. Allen and Golden Assets Settlement Trust. As of March 9, 2026, that liability was $569,802.38 (as shown in the default judgment entered against Ms. Allen in her capacity as Trustee). Statutory additions continue to accrue from and after that date.

## ARGUMENT

### I.    Standard of Review

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The summary judgment motion must "[identify] each claim or defense – or the part of each claim or defense – on which summary judgment is sought." *Id.* A party seeking judgment "bears the initial responsibility of identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389-90 (6th Cir. 2008).

In evaluating a motion for summary judgment, the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, the Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955–56 (6th Cir.2006) (citing *Matsushita*, 475 U.S. at 587). However, the Court must view the facts in the light most favorable to the nonmoving party only when there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 127 (2007). The mere existence of a scintilla of evidence is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In analyzing the moving party's arguments, the Court must consider whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–80 (6th Cir.1989).

II.    **No Dispute Exists that Linda A. Allen is the Alter Ego of Golden Assets Settlement Trust Under the Federal Common Law Approach to the Alter-Ego Analysis**

In *United States v. Walton*, the Sixth Circuit applied the federal common law alter ego framework and affirmed the Eastern District of Michigan's ruling that a corporation was an individual's alter ego to impose joint and several liability against the corporation and the individual for the same tax debts. 909 F.2d 915, 928 (6th. Cir. 1990). That is the relief the United States seeks here, and *Walton* thus controls. Although courts generally look to state law to determine what interest the taxpayer has in property when the United States is enforcing its tax liens against that property, *see Drye v. United States*, 528 U.S. 49 (1999), the United States is not seeking to enforce tax liens regarding the Trust's liabilities against property that is held in Ms. Allen's name. As a result, cases that apply state-law alter ego standards do not apply. But even if they did, the result would be the same. The federal common-law and state-law standards are very similar, and the United States should prevail on summary judgment regardless of which approach the court applies. *See, e.g., Wild v. United States*, No. 2:13-CV-14587, 2015 WL 7769476, at *3 (E.D. Mich. Oct. 26, 2015).

In *Walton*, the court found that the taxpayer had exclusive control over the corporation and was using a house nominally held by the corporation as his personal residence. 909 F.2d 915, 924, 928. The Sixth Circuit held that the taxpayer and the corporation were therefore jointly and severally liable for the taxes and penalties assessed against each. *Id.* at 928. Similarly, Defendant in the above-captioned case has exclusive control over the Trust, and moreover she is using real property nominally held by the Trust as her own personal residence. SMF ¶¶ 10, 18.

Where an individual and corporate entity are determined to be alter egos of one another, they may be held "jointly and severally liable for the full amount of the assessments against each." *See id.* at 917-18. The Sixth Circuit noted that:

9

> In determining whether the separate corporate identity should be disregarded, each case is sui generis and must be decided in accordance with its own underlying facts. The courts have employed a number of criteria in determining whether a corporation is an alter ego[ ] justifying piercing the corporate veil. Such criteria include: (1) the absence of normal corporate formalities; (2) commingling of personal and corporate funds; (3) siphoning of corporate funds by a dominant stockholder; and (4) the fact that the corporation is merely a facade for the personal operations of the dominant stockholder.

*Id.* at 928 (citations omitted). The Sixth Circuit has also noted that courts should consider whether the entity was used for fraudulent or wrongful purposes. *See Wilcox v. United States*, 983 F.2d 1071, 1071 (6th Cir. 1992).

Furthermore, the alter ego doctrine is applicable to trusts as well as corporations. *See, e.g., United States v. Scherping,* 187 F.3d 796, 801 (8th Cir. 1999) (holding that trusts were alter egos of individuals and therefore liable for individuals' tax liabilities); *United States v. Powell,* 2001 WL 283808, *7 (D. Ariz. 2001), aff'd,* 31 Fed. Appx. 424 (9th Cir. 2002) (same); *William L. Comer Fam. Equity Tr. v. United States*, 732 F. Supp. 755 (E.D. Mich. 1990) (applying Michigan alter ego theory to find that a trust was the alter ego of the taxpayers), *aff'd sub nom, William L. Comer Fam. Equity Pure Tr. v. I.R.S.*, 966 F.2d 1455 (6th Cir. 1992).

Under the federal common law analysis established in *United States v. Walton*, all four criteria for establishing that Golden Assets Settlement Trust is the alter ego of Linda A. Allen are met.

### a. *The absence of normal corporate formalities*

The absence of formalities is evident from the Trust instrument recorded on November 26, 2013, which reflects that Defendant is both the trustor, trustee, and beneficiary of the Trust. SMF ¶ 10. Defendant admits that she served all these roles. *Id*. Furthermore, Defendant admits that the Trust never received any income other than the tax refund itself. SMF ¶ 24. Defendant

10

further admits that neither she, nor anybody else, ever paid tax withholdings on behalf of the Trust. SMF ¶ 25. Defendant also admits that the Trust is not active. SMF ¶ 26.

The Trust is a sham. Not only does the Trust lack normal corporate formalities, it is devoid of any legitimate purpose or activity. The sole reason that Defendant participated in creating the Trust was to file a Form 1041 so that she could seek and receive a tax "refund" of alleged withholdings that neither she nor the Trust ever paid. SMF ¶¶ 4-6, 8-16. Defendant personally created the name of the Trust, requested the Trust EIN from the IRS, signed the Trust instrument before a notary, and recorded the Trust documents with the Berrien County Recorder of Deeds, so as to enable a Form 1041 to be filed seeking a "refund" of nonexistent tax withholdings. SMF ¶¶ 9, 11-13. Beyond what she managed to purchase for her own personal use before the IRS froze the account into which the refund had been deposited, Defendant never made any other purchases on behalf of the Trust. SMF ¶ 28. Defendant has lived in the house since she purchased it in the Trust's name, and has not paid the Trust rent, which showcases the lack of corporate formalities between Defendant and the Trust. SMF ¶¶ 17-18, 24, 28.

**b.** ***Commingling of personal and corporate funds***

The Trust had no income or assets other than what Defendant purchased using the proceeds from the refund. SMF ¶¶ 15, 24, 28. However, Defendant admits that the IRS issued to her, in her capacity as Trustee of the Trust, a refund check for the Trust's nonexistent tax withholdings, which she used to purchase the Property in 2014, and where she has resided ever since. SMF ¶¶ 16-18. The funds of the Trust are commingled with Defendant's insofar as she used the funds allocated to the Trust to purchase herself a house, which she purchased in the name of the Trust. SMF ¶ 17. Notwithstanding the fact that the Property is titled to the Trust, Defendant has enjoyed it as her own for over a decade. SMF ¶ 18.

**c.** ***Siphoning of corporate funds by a dominant stockholder***

11

As previously discussed, because it was created solely for the purposes of filing a fraudulent tax refund, the Trust had no corporate funds other than the tax refund issued in response to Defendant's participation in a scheme to file a fraudulent Form 1041. SMF ¶¶ 5-15, 24-27. However, during the period of time that Defendant controlled the Trust's funds, she used them to purchase herself a house and two vehicles. SMF ¶ 17.

### d. *The fact that the corporation is merely a facade for the personal operations of the dominant stockholder*

As previously discussed, Defendant substantially participated in creating the Trust to obtain a false tax refund, which she used for her personal benefit, and for no other purpose. SMF ¶¶ 8-16. The Trust has received no other income and has never filed another federal tax return. SMF ¶¶ 15, 24-27. No other assets, except for those purchased using the proceeds from the tax refund, were ever placed in the Trust. SMF ¶ 28. The Trust serves as a mere façade for Defendant's enjoyment of assets to which she is not entitled.

### III. Alternatively, No Dispute Exists that Linda A. Allen is the Alter Ego of Golden Assets Settlement Trust Under the State-Law Approach to the Alter-Ego Analysis

Under Michigan state law, a court may find that an individual and an entity are alter egos where (1) the corporate entity is a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrongdoing; and (3) there was an unjust loss or injury to the plaintiff. *See Bodenhamer Building Corp., v. Architectural Research Corp.,* 873 F.2d 109, 112 (6th Cir.1989). The relationship between Linda A. Allen and Golden Assets Settlement Trust satisfies all three of these elements as well.

### a. *"Mere Instrumentality" Test*

The first "mere instrumentality" element is met based on the evidence recited above. The District Court for the Eastern District of Michigan found in *Ames Inv., Inc. v. United States* that a

12

corporation was the alter ego of its shareholder, an individual, where the individual used corporation's biggest asset, a residence, for himself and his family for years, and consequently the corporation was never able to issue its other shareholders a return. 819 F. Supp. 667-69 (E.D. Mich. 1993), *aff'd*, 36 F.3d 1097 (6th Cir. 1994). Just as the Court in *Ames Inv., Inc.* found that the corporation was a "sham" and a "mere instrumentality" because the taxpayer used the corporation's assets and properties for his benefit alone, Defendant in the above-captioned case similarly used (and continues to use) the Trust's assets exclusively for her own benefit. *See id.* at 671; SMF ¶¶ 17-18.

Again, Defendant substantially participated in creating the Trust in order to file the Form 1041, and for no other purpose. SMF ¶¶ 8-16. The Trust did not receive any other income, nor was another Form 1041 ever filed on its behalf. SMF ¶¶ 15, 24-27. No other assets, except for those purchased using the proceeds from the tax refund, were ever placed in the Trust. SMF ¶ 28.

### b.    *Corporate Entity Was Used to Commit a Fraud or Wrongdoing*

A taxpayer may seek a tax refund when they made an overpayment of a tax. 26 U.S.C. § 6511(a). Here, the evidence shows, and Defendant herself acknowledges, that no tax was ever withheld on behalf of Golden Assets Settlement Trust for tax year 2013, or ever. SMF ¶¶ 15, 25. Consequently, the Trust was never entitled under federal law to receive a tax refund. Yet Defendant participated in naming and recording the Trust, and in filing the Trust's 2013 Form 1041, to receive an undeserved tax refund from the federal government. SMF ¶¶ 9-16. Defendant managed to obtain money from the federal government using a sham trust scheme, at the expense of honest taxpayers and the federal fisc. Defendant has never had to pay a dime of her own money towards a mortgage or rent on the Property since 2014, even though it has been her primary residence since she bought it on behalf of the Trust. SMF ¶¶ 17-18. Instead, she was

13

able to pay using funds from the federal fisc that she was not entitled to, had not earned, and is obligated to pay back.

Defendant has resisted efforts by the IRS to collect on the Trust's liability by filing lawsuits against the IRS Revenue Officer in her capacity as Trustee for the Trust, filing for bankruptcy, and making an administrative appeal to the IRS. SMF ¶¶ 19-20. She also refused to produce documentation to the IRS, resulting in the agency bringing a summons enforcement petition against her in federal court, which resulted in her being jailed for contempt of court. *Id*. She has further evaded requests by the undersigned counsel for the production of documents by claiming that they were destroyed by flooding in her basement, even though she also acknowledged that she knew her basement flooded regularly prior to storing the documents there. SMF ¶¶ 21-23. Defendant's claims that she was ignorant of wrongdoing stretch credulity and are not relevant to whether Defendant was wrongfully issued a refund and has yet to pay it back. Since the IRS began efforts to recoup its loss, Defendant has refused to relinquish those assets to which she is not entitled, despite the government's clear right to collect. *See United States v. Wurts*, 303 U.S. 414, 415 (1938) ("The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid.").[2] Defendant went so far as to be thrown in jail for her refusal to produce documents to IRS in response to its summons. SMF ¶ 20. Defendant's wrongful refusal to cooperate with the IRS in reacquiring the refund proceeds to which Defendant was unequivocally not entitled has enabled her to live in a home rent- and mortgage-free for over a decade.

---

[2] The Sixth Circuit has held that the government may collect erroneous refunds under either 26 U.S.C. § 7405 or under the deficiency procedures in 26 U.S.C. § 6211-6216. *See Beer v. Comm'r,* 733 F.2d 435, 436 (6th Cir. 1984).

### c.        *Fraud or Wrongdoing Caused Unjust Loss or Injury to Plaintiff*

Finally, the "unjust loss or injury" to the United States in this instance is the unpaid tax debt that Defendant continues to evade by hiding behind the corporate form of the Trust. The Supreme Court has repeatedly remarked that unpaid tax liabilities are serious matters because they deprive government of funds necessary to perform vital functions. *See Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 21 (2000) (recognizing "the vital interest of the government in acquiring its lifeblood, revenue"); *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 826 (1997) (noting "[t]hat the power of taxation is one of vital importance" and "basic to the power of the State to exist"); *Bull v. United States*, 295 U.S. 247, 259 (1935) ("[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need.").

Here, Defendant did not simply fail to make withholding payments on income that she earned; she used the corporate form to trick the IRS into disbursing to her account a refund check that she was not owed. SMF ¶ 9-16. Defendant's scheme to get an unwarranted refund from the federal government is substantiated by several badges of fraud, including failure to produce to the United States adequate books and records on multiple occasions. SMF ¶ 20-23. *See Richardson v. Comm'r*, 509 F.3d 736, 743 (6th Cir. 2007) ("In finding tax fraud, courts . . . rely as they must upon circumstantial evidence, inferring the requisite intent from any conduct, the likely effect of which would be to mislead or to conceal . . . including . . . failure to keep adequate books and records".) (citations omitted)).[3] Defendant's efforts to resist furnishing the IRS with relevant records have previously landed her in jail for failing to comply with a court

---

[3] The United States discusses fraud insofar as it shows that Defendant used the corporate form to commit a wrongdoing, but does not allege fraud as a separate claim for relief.

15

order to obey an IRS summons enforcement petition. SMF ¶ 20. Clearly, Defendant's wrongful scheme has harmed the United States.

Even if Defendant argues that she somehow failed to suspect that she was participating in an illegal scheme, this is not a criminal case. Defendant's state of mind is not relevant to establishing that she is an alter ego of the Trust. Regardless of her intent, Defendant took advantage of the corporate form of the Trust to obtain money from the federal fisc that she was not entitled to, and she did not return that money to the federal fisc, so the liability is still outstanding. Her actions have deprived the federal government, and by extension American taxpayers, of federal revenue that rightfully belongs to the United States.

**IV.    No Dispute Exists that Linda A. Allen, as Alter Ego of Golden Assets Settlement Trust, is liable for the tax debts of the Trust**

As discussed in Section V, VI, and VII, *supra*, there is no material dispute that Golden Assets Settlement Trust is the alter ego of Linda A. Allen. Consequently, Ms. Allen should be held jointly and severally liable for the same tax liability assessed against the Trust for tax year 2013. *See United States v. Walton*, 909 F.2d 915, 917-18 (1990). The underlying assessment is supported by the documentation that the United States made in its Motion for Default Judgment. ECF 52.

## CONCLUSION

For the above reasons, the United States seeks a determination that Linda A. Allen is the alter ego of Golden Assets Settlement Trust, and is therefore obligated to pay the tax liabilities of Golden Assets Settlement Trust. The United States further seeks judgment in favor of the United States and against the defendant Linda A. Allen, in her individual capacity, for income tax, penalty, and interest for the period ending December 31, 2013, in the amount of $569,802.38 as of March 9, 2026, with statutory additions accruing from and of that date.

## CERTIFICATE OF COMPLIANCE

I certify that the length of the *Memorandum in Support of United States' Motion for Summary Judgment Against Linda A. Allen in her Individual Capacity*, including headings, footnotes, citations, and quotations, does not exceed the ten-thousand-eight-hundred (10,800) word limit as required under W.D. Mich. LCivR 7.2(b). The word count application reads 5,938 words. The word processing software used is Microsoft Word, version 2508.

/s/ Danielle E. Sumner
Danielle E. Sumner
Trial Attorney, Civil Ligation Branch
Civil Division, U.S. Department of Justice

17

**CERTIFICATE OF SERVICE**

On May 13, 2026, I caused the foregoing Motion for Summary Judgment, as well as all supporting documents and exhibits, to be filed electronically with the Clerk of the Court through ECF. I have also caused a courtesy copy to be sent to the Chambers of the Honorable Paul L. Maloney in accordance with W.D. Mich. LCivR 7.2 (b)(iii). Additionally, I served a copy of the foregoing motion, as well as all supporting documents and exhibits, via email to Linda A. Allen at her electronic address allenlinda182@gmail.com. Finally, I caused a copy of the foregoing Motion, as well as all supporting documents and exhibits, to be mailed by first-class mail, postage paid, to Ms. Allen at the following address:

Linda A. Allen
1619 Lyola Court
Benton Harbor, MI 49022

/s/ Danielle E. Sumner
Danielle E. Sumner
Trial Attorney, Civil Ligation Branch
Civil Division, U.S. Department of Justice