IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.

LINDA A. ALLEN, in her Individual Capacity
    and as Trustee of the GOLDEN ASSETS
    SETTLEMENT TRUST;
BERRIEN COUNTY, MICHIGAN;
ST. JOSEPH CHARTER TOWNSHIP,
    BERRIEN COUNTY, MICHIGAN

    *Defendants.*

Case No. 1:25-cv-118

District Judge Paul L. Maloney

Magistrate Judge Phillip J. Green

**PLAINTIFF UNITED STATES' REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AGAINST LINDA A. ALLEN IN HER INDIVIDUAL CAPACITY**

Defendant does not proffer any evidence to create a genuine issue of the material facts

supporting the United States' claims, namely (a) that Golden Assets Settlement Trust ("the

Trust") is the alter ego of Linda A. Allen, and therefore (b) the United States is entitled to

judgment as a matter of law against Linda A. Allen in her individual capacity for the income tax,

penalty, and interest for the tax period ending December 31, 2013, in the amount of $569,802.38

as of March 9, 2026, plus such additional amounts as may continue to accrue as provided by law

from and after that date pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 1961(c).

**ARGUMENT**

    *I.  Defendant's Response conflates collectability with liability.*

Defendant raises no facts nor argument to counter the conclusion that she is liable for the

tax assessed against the Trust. The crux of Defendant's arguments in her response is that she "is

permanently disabled and unable to pay the tax debt." ECF 57, PageID.468. However, a

taxpayer's (in)ability to pay a tax debt, i.e. their collectability, has no bearing on the legal issue

of whether they are liable for the tax debt, and therefore is not a germane defense to the United States' claims on which it seeks summary judgment. Nor does Defendant's asserted inability to pay create any factual dispute as to whether she, as alter ego of the Trust, is liable for the Trust's tax debt.

Defendant also incorrectly alleges that the undersigned counsel for the United States promised to dismiss the case if Defendant submitted Form 433-A, "Collection Information Statement for Wage Earners and Self-Employed Individuals." *See* ECF 57 Page ID.467.[1] This line of argument also does not constitute a relevant defense to the United States' claims or create questions of genuine fact. However, as Defendant's response implies dishonesty on the part of counsel for the United States, the undersigned counsel will address it briefly. Defendant's allegations in her Response misstate and oversimplify what counsel for the United States communicated to Defendant.

For additional context, the United States sought collectability information from Defendant to better inform settlement negotiations in preparation for, and during, the Early Settlement Conference held before Magistrate Judge Phillip J. Green on March 4, 2026. *See* ECF 48. Department of Justice policy is to consider settlement offers on two criteria: (1) hazards as to liability and (2) hazards as to collectability. Therefore, although Defendant's collection potential was not relevant to the United States' claims, it was relevant to any possible settlement offers that the United States would consider. Accordingly, the undersigned counsel for the United States explained this to Defendant over the phone and asked that Defendant submit the Form 433-A. The undersigned counsel then memorialized the conversation via email sent on January 21, 2026, in which she attached a blank version of the Form 433-A. *See* Exhibit A ("This document [the

---

[1] Defendant mistakenly refers to this document as "form [sic] 433-B" in her response. *Id.*

Form 433-A] will help the government to better understand your financial situation and your collection potential, which will make any settlement discussions more productive.").

II. *The facts set forth by the United States in its motion for summary judgment are both relevant and undisputed.*

Defendant asserts that "some statements in the plaintiff's motion for summary judgment were inaccurate," ECF 57 PageID.468, but does not specify which statements she is referring to, let alone proffer evidence that would contradict the United States' own evidence and create a genuine dispute of fact. She seemingly goes on to assert that her previous litigation history related to the assessment made against the Trust, the IRS's subsequent collection efforts, and her own efforts to stymie collection are not relevant to the claims and issues in the above-captioned case, but rather are brought up merely to bias the Court against her. *Id.*

Defendant's legal history relating to the Trust is directly relevant to the claims at issue here because, as explained in the United States' memorandum supporting its motion for summary judgment, it showcases that the Trust was used to commit a fraud or wrongdoing, which caused unjust loss or injury to the United States. ECF 56-1, PageID.239-42. The United States must introduce facts supporting those elements of the alter ego analysis to succeed on summary judgment under the state-law approach.[2] *Id.* at PageID.238. Therefore, it is relevant to the United States' summary judgment motion that, since the IRS began efforts to recoup the refund issued to the Trust on November 14, 2014, Defendant has refused to relinquish those assets to which she is not entitled, despite the government's clear right to collect. *See United States v. Wurts*, 303 U.S. 414, 415 (1938) ("The Government by appropriate action can recover

---

[2] While the United States primarily relied on federal alter ego law as applied by the Sixth Circuit as the basis for its argument in support of its motion for summary judgment, it also included a secondary argument based on state alter ego law.

3

funds which its agents have wrongfully, erroneously, or illegally paid."). It is relevant that Defendant went so far as to be thrown in jail for her refusal to produce documents to the IRS in response to its summons. ECF 56-1 PageID.232. Defendant's overall scheme to obtain federal money that she was not entitled to, including her wrongful refusal to cooperate with the IRS in reacquiring the refund proceeds to which Defendant was unequivocally not entitled, has enabled her to live in a home rent- and mortgage-free for over a decade. Consequently, these facts about the legal history preceding, and leading to, the above-captioned case are directly relevant to establishing that the Trust is the alter ego of the Defendant under the state law approach. That they cast her in an unflattering light now does not erase their relevance.

## CONCLUSION

For the reasons stated above, Defendant Linda A. Allen's response in opposition raises no genuine issues of material fact as to whether she is the alter ego of Golden Assets Settlement Trust or whether Linda A. Allen, as the alter ego of Golden Assets Settlement Trust, should be held individually liable for the Trust's tax debts. Accordingly, the United States is entitled to judgment as a matter of law.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

Local Counsel:

Timothy VerHey
United States Attorney

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
Office: (202) 514-6508
Fax: (202) 514-5238
Danielle.Sumner@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I caused the foregoing Reply in Support of

Plaintiff United States' Motion for Summary Judgment Against Defendant Linda A. Allen in Her

Individual Capacity to be filed electronically with the Clerk of Court through ECF. I also caused

a copy of the foregoing document to be sent via electronic mail to Defendant at

allenlinda182@gmail.com. Additionally, I caused a copy of the foregoing document to be mailed

by first-class mail, postage paid, to Ms. Allen at the below address:


Linda A. Allen
1619 Lyola Court
Benton Harbor, MI 49022

/s/ Danielle E. Sumner
DANIELLE E. SUMNER
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice

5