UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,               )
       Plaintiff,                           )
                                            )         No. 1:25-cv-118
v.                                       )
                                            )
                                            )         Honorable Paul L. Maloney
LINDA A. ALLEN, *ET AL.*,                )
       Defendants.                          )
_____   )

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's motion for summary judgment. (ECF No. 56). Plaintiff, the United States government, previously obtained a default judgment against Defendant, Linda A. Allen, in her capacity as trustee for the Golden Assets Settlement Trust ("GAST"). (ECF No. 54). Now, the government argues that Defendant should be held jointly and severally liable for that judgment in her individual capacity because the record shows that the GAST is merely her alter ego. Defendant offered only a general denial of the government's claims and did not cite any record evidence or make any legal argument in response. (*See* ECF No. 57). The government has sufficiently demonstrated that the record supports its claim that the GAST is Defendant's alter ego, and that no rational finder of fact could believe otherwise. Plaintiff's motion will thus be granted.

**I.**

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). A genuine dispute of material fact exists if a reasonable finder of fact could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025). It is the duty of the parties to direct the Court's attention to relevant portions of the record. *See* Fed. R. Civ. P. 56(e); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Court need only consider arguments made by the parties and the materials cited to support them. *Alston v. City of Detroit Police Officers*, 717 F. Supp. 3d 618, 628-29 (E.D. Mich. 2024) ("[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves."); Fed. R. Civ. P. 56(c)(3).

## II.

The Court entered a default judgment for Plaintiff against Defendant in her capacity as trustee of the GAST, having determined that she had tax liability in that capacity, that the government had valid liens against certain property, and that the government may enforce those liens. (ECF No. 54). That is not in dispute here. The government now seeks to hold Defendant in her personal capacity jointly and severally liable for the taxes, penalties, and interest because the GAST is, it argues, her alter ego.

The origin of the GAST is in Defendant's former involvement with a group called the International Indigenous Society Group ("IISG"). The courts, in previous cases involving the group, labeled it as affiliated with sovereign citizen ideology. (ECF No. 56-2 at PageID.289). The group taught members that the federal government established two special fund accounts for each person, one associated with a birth certificate and one with a social

security number, and that the money in these accounts was recoverable by filing a tax return on behalf of a trust. (*Id.* at PageID.323-27). Specifically, Defendant was told by an IISG member called "Sister Queen Ali" that Defendant should not file a personal Form 1040, but Form 1041 on behalf of a trust. (*Id.* at PageID.304-06). To that end, Defendant and IISG members created the GAST. (*Id.* at PageID.317-19). Defendant is the trustee, trustor, and beneficiary of the GAST. (*Id.* at PageID.328; ECF No. 56-4). IISG members then filed Form 1041 for Defendant. (ECF No. 56-2 at PageID.310-11; ECF No. 56-5). They and Defendant agreed that Defendant would pay the IISG members $50,000 once the tax refund check cleared. (ECF No. 56-2 at PageID.304-08). On the form, the GAST reported no income but requested a refund of over $400,000. (ECF No. 56-5). The IRS then issued a refund check to Defendant as trustee of the GAST based on that amount. (ECF No. 56-6 at PageID.376).

Defendant used the proceeds from that refund check to purchase a house for herself and her family, which she has lived in since. (ECF No. 56-2 at PageID.333-34). She also purchased two vehicles. (ECF No. 56-3 at PageID.352). The GAST had no income other than that single refund check. (ECF No. 56-2 at PageID.328). Nobody paid its tax withholdings or filed its tax returns since, and it is currently inactive. (*Id.* at PageID.329-30). The only assets in the GAST's name are the house and two vehicles Defendant bought. (*Id.* at PageID.330). Eventually, the IRS froze the account in which the proceeds from the refund check were deposited and attempted to collect assets that were in the name of the GAST. (*Id.* at PageID.338-39).

## III.

Plaintiff asks the Court to apply the "alter ego" doctrine developed in the corporation context to a trust, the GAST. Separate corporate identity "may be disregarded" when it "would present an obstacle to the due protection or enforcement of public or private rights." *United States v. Walton*, 909 F.2d 915, 927 (6th Cir. 1990). In *Walton*, the Sixth Circuit articulated four factors relevant to determining whether a separate corporate identity presents such an obstacle: the absence of corporate formalities, commingling of personal and corporate funds, siphoning of funds by a dominant stockholder, and use of the corporation as a façade for personal operations. *Id.* at 928. The Sixth Circuit and other district courts in the circuit have applied the alter ego doctrine to cases involving trusts. *William L. Comer Fam. Equity Pure T. v. IRS*, 966 F.2d 1455, *3 (6th Cir. 1992) (table), *cert. denied*, 506 U.S. 1023 (1992); *Wilcox v. United States*, 983 F.2d 1071, *2 (6th Cir. 1992) (table); *United States v. Mann*, No. 1:07–CV–260, 2009 WL 210955, at *4 (W.D. Mich. Jan. 28, 2009); *Limbright v. Hofmeister*, No. 5:09–cv–107–KSF, 2011 WL 5523713, at *3-4 (E.D. Ky. Nov. 14, 2011).

Assuming the factors from *Walton* are the appropriate ones to apply, they suggest that the GAST is Defendant's alter ego. No formalities were respected. Defendant played every role in the trust: trustor, trustee, and beneficiary. The trust never had any income other than a single tax "refund" check. Nobody ever paid its taxes as though it were a separate entity, and it functioned only to retain one check and assets purchased with it. The assets it held were Defendant's personal home and vehicles, so her assets were commingled with the trust's to that extent and she siphoned the sole income of the Trust to make her own

purchases. The trust exists solely to enable the scheme of getting a refund check for Defendant's personal use, suggesting it is a façade.

The result would be the same under Michigan law, so the Court need not decide whether the *Walton* framework or the state-law test applies. Under Michigan law, the separateness of an artificial entity's identity may be ignored when three elements are established: "first, the corporate entity must be a mere instrumentality of another entity or individual; second, the corporate entity must be used to commit a fraud or wrong; third, there must have been an unjust loss or injury to the plaintiff." *Bodenhamer Bldg. Corp. v. Architectural Rsch. Corp.*, 873 F.2d 109, 112 (6th Cir. 1989). Defendant used the GAST to receive money she used solely for her personal purchases, making it her instrumentality. She used the GAST to commit fraud against the government, whether or not she understood that she was doing so. Finally, the government lost revenue in which it had a "vital interest." *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 21 (2000).

Defendant does not refute any of the operative facts or offer any legal argument. She argues that she cannot pay, but whether the debt can be practically collected is a separate issue from who bears liability for it. She also argues that Plaintiff's counsel represented that Plaintiff would "dismiss this case" if Defendant filled out and returned a form. (ECF No. 57 at PageID.467). This appears to be based on an inaccurate memory or representation of discussions Plaintiff's counsel had with Defendant regarding preparation for settlement discussions. (*See* ECF No. 58-1 at PageID.477). Defendant argues that "some statements in the plaintiff's motion for summary judgement were inaccurate and has [sic] nothing to do with this case" and that certain facts were presented to "sway the judge" to be "judgmental

5

against the defendant." (ECF No. 57 at PageID.468). She does not identify any particular inaccuracies, irrelevancies, or improprieties. Defendant's general assertions are not sufficient to identify specific parts of the record creating a genuine dispute of material fact. *See Alston,* 717 F. Supp. 3d at 628-29. To the extent that her prior associations with the IISG might be prejudicial, they are not unfairly so, as the facts regarding the IISG involvement are necessary context to understand the origins of the GAST and the tax return.

**IV.**

Under the framework from either federal or state court, there is no genuine dispute of material fact regarding whether the GAST was Defendant's alter ego: it was. Plaintiff's motion for summary judgment (ECF No. 56) is thus **GRANTED**. The Court finds that Linda A. Allen is the alter ego of the Golden Assets Settlement Trust and is obligated to pay the tax liabilities of the Golden Assets Settlement Trust. Linda A. Allen, in her personal capacity, shall be jointly and severally liable to pay the income tax, penalty, and interest for which she is liable in her capacity as trustee, described in the judgment at ECF No. 54.

**IT IS SO ORDERED.**

Date:  June 15, 2026                                         /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge